1  PARVIZ DARABI, SBN 209021
2  SHELLEY R. O'BRIEN, SBN 112968
   WILLIAM N. BLASSER, SBN 232291
3  **LAW OFFICES OF PARVIZ DARABI**
   500 Airport Blvd., Suite 100
4  Burlingame, CA 94010
   Telephone:  (650) 343-5357
5  Facsimile:   (650) 343-5391

6
   Attorney for Plaintiff
7

8                 UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA

10

11  ANALI AMBRIZ, an individual,          )    CASE  NO:  CV 08 1004 JSW
                                          )
12            Plaintiff                   )    PLAINTIFF, ANALI AMBRIZ'S, NOTICE OF
                                          )    MOTION & MOTION TO REMAND THIS
13            v.                          )    MATTER TO CALIFORNIA STATE COURT,
                                          )    COUNTY OF CONTRA COSTA
14  LUXURY IMPORTS OF SACRAMENTO,         )
    INC., dba SUZUKI OF SACRAMENTO;       )
15  JPMORGAN CHASE BANK, a New York       )    Date: May 9, 2008
    Corporation dba CHASE AUTO FINANCE,   )    Time: 9:00 a.m.
16  and DOES 1 through 100, inclusive,    )    Judge: Hon. Jeffrey S. White
                                          )
17                                        )
                                          )
18            Defendants.                 )
                                          )
19  _____)

20

21  TO (PLAINTIFF/DEFENDANT) AND ITS ATTORNEYS OF RECORD:

22        NOTICE IS HEREBY GIVEN that on May 9, 2008 at 9:00 a.m., or as soon thereafter

23  as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San

24  Francisco, California 94102, in the Courtroom of the Honorable Judge Jeffrey S. White,

25  Plaintiff will and hereby does move the Court to Remand this matter back to the California

26  State Court, County of Contra Costa.  This Motion is brought on the grounds that Defendant,

27  JPMORGAN CHASE BANK, N.A.'s removal of this case is procedurally improper pursuant

28

                                        -1-

to 28 *USC* § 1446(b).  It is also brought on the grounds that the Court lacks jurisdiction under See 28 *USC* § 1332 since this is a dispute between two California citizens.  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declarations of William N. Blasser and Parviz Darabi, the pleadings and papers on file herein, and upon such other matters which may be presented to the Court at the time of the hearing.

Dated: March 19, 2008

LAW OFFICE OF PARVIZ DARABI

_____

Parviz Darabi, Esq.
Shelley R. O'Brien, Esq.
William N. Blasser, Esq.
Attorneys for Plaintiff

Plaintiff's Notice of Motion & Motion to Remand, Case #: CV 08 1004 JSW

## MEMORANDUM OF POINTS & AUTHORITIES

**I.    Introduction & Background Facts**

Defendant's attempt to remove this dispute to Federal Court is a waste of the Court's time.  It is designed to increase the costs associated with a case Defendant knows it cannot possibly win and flies in the face of the very statute it claims to rely upon (i.e., 28 *USC* § 1332).  As such, the Court should remand the matter back to State Court.

Defendant is a corporation.  It transacts business with California consumers on a regular basis.  Indeed, Defendant registered itself with the State of California (i.e., California corporation number C0248426).

Plaintiff purchased a vehicle from Luxury Imports of Sacramento (hereinafter referred to as "Dealer").  Dealer violated various consumer protection statutes entitling Plaintiff to rescind her transaction and recover damages.  Dealer also breached the contract by failing to pay off Plaintiff's trade in vehicle.  Finally, Dealer violated the warranty of title because it did not own the vehicle it sold to Plaintiff.

Dealer filed for bankruptcy.  Defendant accepted assignment of Plaintiff's contract and is liable for Dealer's violations under California and Federal law.  Nevertheless, Defendant refuses to take responsibility for its obligations.  Indeed, Defendant asserts it is entitled to collect money under the contract for a good to which the Dealer did not have title.

The purpose Defendant's attempt to remove the dispute is to force Plaintiff to spend as much time and money as possible in an attempt to make her "give up" and dismiss the case. As such, this motion should be granted and Defendant should be sanctioned.

///

///

-3-

1

2

**II.**     **When the Federal Courts Lack Jurisdiction Over a Dispute, it Should be**
**Remanded**

If at any time before final judgment, it appears the court lacks subject matter jurisdiction, the court may remand the case to state court either sua sponte or on motion of a party. However, a motion to remand based on a defect in the removal procedure must be made within 30 days after filing of the notice of removal.  See 28 *USC* § 1447(c); see also *McCaa v. Massachusetts Mut. Life Ins. Co.* (D. NV. 2004) 330 F.Supp.2d 1143, 1146 (citing text).  The proper procedure for challenging removal is a Motion to Remand.

Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure."  See 28 *USC* § 1447(c); see also *Buchner v. FDIC* (5th Cir. 1993) 981 F.2d 816, 820.  Hence, a Motion for Remand lies where there is no diversity of citizenship and can be raised at any time. See *International Primate Protection League v. Administrators of Tulane Ed. Fund* (1991) 500 U.S. 72, 87; *Bromwell v. Michigan Mut. Ins. Co.* (3rd Cir. 1997) 115 F.3d 208, 213.

Federal courts may also remand an action based on abstention principles.  See *Quackenbush v. Allstate Ins. Co.* (1996) 517 U.S. 706, 730–731; *Corcoran v. Ardra Ins. Co., Ltd.* (2nd Cir. 1988) 842 F.2d 31.  A remand premised on abstention is not based on a lack of subject matter jurisdiction or on a defect in removal procedure. Thus, the power to remand is *not* based on the statutory grounds set forth in 28 USC § 1447(c), but rather on the federal court's power to refrain from hearing cases based on "'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary."  See *Quackenbush v. Allstate Ins. Co.*, supra, 517 US at 718, (quoting *Railroad Comm'n of Tex. v. Pullman Co.* (1941) 312 U.S. 496, 500–501).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A Plaintiff's motion for remand effectively forces a defendant to prove by a preponderance of evidence whatever is necessary to support the petition (e.g., the existence of diversity, the amount in controversy, etc.).  See *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566; *B., Inc. v. Miller Brewing Co.* (5th Cir. 1981) 663 F.2d 545, 549; *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (CD CA 2002) 199 F.Supp.2d 993, 1000.  Indeed, the party seeking removal also has the burden of showing that all *procedural* requirements for removal (notice of removal, joinder, etc.) have been complied with.  See *Parker v. Brown* (SD OH 1983) 570 F.Supp. 640, 642–643.

A.    **Defendant's Request for Removal is Procedurally Improper**

In general, a defendant must file in the district court a notice of removal *within 30 days* after receipt of the first pleading in the state action that sets forth a *removable* claim. Where removability is uncertain, the 30–day period is measured from the point at which defendant had *notice* that the action is removable; but in any event, removal based on *diversity* must be effected *within 1 year* after the case is filed.  See 28 *USC* § 1446(b).  To trigger the 30–day removal period, the facts supporting removal must be *evident on the face of the complaint*. Notice of removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  See *Harris v. Bankers Life & Cas. Co.* (9th Cir. 2005) 425 F.3d 689, 694; *Lovern v. General Motors Corp.* (4th Cir. 1997) 121 F.3d 160, 162; *Whitaker v. American Telecasting, Inc.* (2nd Cir. 2001) 261 F.3d 196, 206.

In this case, Defendant neglected to file its Notice of Removal until February 19, 2008. The complaint in this action was filed on November 13, 2007 and incorporates by reference a demand letter sent to Defendant on September 11, 2007.  See Exhibit A to Defendant's Notice of

Plaintiff's Notice of Motion & Motion to Remand, Case #: CV 08 1004 JSW

1   Removal.  Plaintiff dismissed Luxory Imports of Sacramento on November 21, 2007.  See

2   Exhibit C to Defendant's Notice of Removal.

3        The complaint and the letter both clearly demand the following: 1) rescission of a

4   contract worth $43,615.92; 2) recovery of punitive damages; 3) recovery of attorney's fees and

5   costs; and 4) recovery of pre-judgment interest.  Rescission of a $43,615.92 contract and punitive

6   damages obviously total an amount greater than $75,000.00.  When one considers that attorneys

7   fees and costs are being sought, the facts pled in the Complaint make it evidence that over

8   $75,000.00 is being disputed by the parties.

9        In addition to the complaint, **Plaintiff sent Defendant a demand letter on November**

10  **21, 2007 itemizing her demand for $247,885.70**.  See Exhibit 1.  Hence, Defendant knew it was

11  the only named defendant and that the amount in controversy exceeded $75,000.00 back in

12  November 2007.  Since its Notice of Remand was filed over two months past that date, it is

13  procedurally improper pursuant to 28 *USC* § 1446(b).

14       B.    **This Court Lacks Diversity Jurisdiction**

15       The basic diversity jurisdiction statute states the district courts shall have original

16  jurisdiction of all civil actions where: 1) the matter in controversy exceeds the sum or value of

17  $75,000; and 2) is between citizens of different State.  See 28 *USC* § 1332(a).  Courts have

18  further **limited diversity jurisdiction** by construing the diversity statutes strictly.  Any doubt

19  as to whether jurisdiction exists is normally resolved *against* a finding of such jurisdiction.

20  See *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1092; *Sheehan v.*

21  *Gustafson* (8th Cir. 1992) 967 F.2d 1214, 1215.  Defendant, a corporation, claims the second

22  element is met because "its main office is located in the State of Ohio."  **Defendant is**

23  **incorrect**.

-6-

For diversity purposes, Corporations have *dual* citizenship.  Specifically, a "corporation shall be deemed a citizen of *any State by which it has been incorporated **and** of the State where it has its principal place of business*."  See 28 *USC* § 1332(c)(1) (***emphasis*** added).  In other words, Corporations which have freely and voluntarily applied for and received charters from several states are deemed citizens of *each* of said states (and any other state in which their principal place of business is located).  See *Yancoskie v. Delaware River Port Authority* (3rd Cir. 1975) 528 F.2d 722, 727.  The purpose of this rule is to prevent local businesses from incorporating out-of-state in order to sue in or remove actions to federal court.  See *J.A. Olson Co. v. Winona* (5th Cir. 1987) 818 F2d 401, 405; and *Co-Efficient Energy Systems v. CSL Industries, Inc.* (9th Cir. 1987) 812 F2d 556, 558.

As such, Corporations incorporated in one state (e.g., California), and having their principal places of business in another (e.g., Ohio), are citizens of *both* states.  They can be sued in diversity actions only if no opposing party is a citizen of *either* state. See *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.* (9th Cir. 1972) 465 F.2d 489, 491–492.  This operates as a significant limitation on federal diversity jurisdiction because dual citizenship increases the chances that some opposing party will be a citizen of one of these states.

Here, Defendant is incorporated in California (California Corporation number C0248426).  See Exhibit 2.  As such, it is a citizen of California.  As Defendant's Notice of Removal admits, Plaintiff is also a citizen of California.  Accordingly, this is not a dispute between citizens of different states and the Court lacks Federal Diversity Jurisdiction.

///

///

///

-7-

1    **III.    This Court Should Sanction Defendant for its Attempt to Improperly Remove the**
2    **Dispute**

3    On granting a motion for remand, the federal court may order the defendant to pay

4    plaintiff its "just costs and any actual expenses, *including attorney fees*, incurred as a result of the

5    removal." See 28 *USC* § 1447(c) (emphasis added); see *Martin v. Franklin Capital Corp.* (2005)

6    546 U.S. 132, 136.  The statutory purpose is to deter the possibility of abuse, unnecessary

7    expense and harassment if a defendant removes improperly. See *Circle Industries USA, Inc. v.*

8    *Parke Const. Group, Inc.* (2nd Cir. 1999) 183 F.3d 105, 109.  Thus, fees may be awarded only

9    where a plaintiff is successful on a remand motion; the statute does *not* allow for a fee award to a

10    defendant who successfully *opposes* a motion to remand.  See *Circle Industries USA, Inc. v.*

11    *Parke Const. Group, Inc.*, supra, 183 F.3d at 109.

12    It is not necessary to show that the removing party's position was "frivolous,

13    unreasonable or without foundation" and there is no presumption against granting fees and costs.

14    See *Martin v. Franklin Capital Corp.,* supra, 546 US at 136, 138.  In fact, in deciding whether an

15    award is "just" under § 1447(c), the key factor is the *propriety* of the removal; i.e., attorney's fees

16    should be awarded when the removing party has no "objectively reasonable basis for removal."

17    See *Martin v. Franklin Capital Corp.,* supra, 546 US at 136.  According to one court, "if *clearly*

18    *established law did not foreclose* a defendant's basis for removal, then a district court should not

19    award attorney's fees." See *Lott v. Pfizer, Inc.* (7th Cir. 2007) 492 F.3d 789, 793.  Here, **the**

20    **established law (i.e., 28 *USC* § 1332(c)(1)) clearly forecloses Defendant's basis for removal**.

21    Defendant's **only** basis to remove this matter is its supposed "Ohio citizenship" and

22    Diversity Jurisdiction.  Defendant, however, is fully aware of its California corporate status and

23    knows it is a California citizen.  Indeed, Defendant's Notice of Removal is littered with

-8-

1
2
3
4
5

references indicating it read the statute which specifically states it is a citizen of California (e.g., pg. 2, ln. 1; pg. 3, ln. 5).  Simply put, Defendant had no objectively reasonable basis to remove this dispute and only did so to increase the costs of litigation; i.e., Defendant hopes Plaintiff's attorneys will "give up" in the face of expensive law and motion.

6
7
8
9
10

Plaintiffs ask the Court to send a message to Defendant that such conduct will not be tolerated.  Specifically, Plaintiffs seek to recover $6,000.00 in attorneys' fees and costs.  This amount is the total that Plaintiff incurred in preparing this motion, and also includes the amounts Plaintiff expects to incur to respond to any opposition.  See *Declaration of William Blasser*.

11

**IV.**    **Conclusion**

12
13
14
15
16

For the reasons stated above, Plaintiff asks that her motion be granted in its entirety. The matter should be remanded back to California State Court (County of Contra Costa), and Defendant should pay all of Plaintiff's costs, including attorney's fees, associated with its attempt to improperly remove the action.

17
18
19

Dated: March 19, 2008
LAW OFFICE OF PARVIZ DARABI

20

/s/ William N. Blasser, Esq.

21
22
23

_____
Parviz Darabi, Esq.
Shelley R. O'Brien, Esq.
William N. Blasser, Esq.
Attorneys for Plaintiff

24
25
26
27
28

Plaintiff's Notice of Motion & Motion to Remand, Case #: CV 08 1004 JSW

# Law Office of Parviz Darabi

Parvizdarabilaw@aol.com
500 Airport Blvd, Suite 100
Burlingame, California 94010
650-343-5357-phone
650-343-5391-fax

November 21,2007

**VIA FACSIMILE ONLY (415-972-6301)**
Pam Zanger
ROPERS, MAJESKI, KHON & BENTLY

*Re: Ambriz vs. Luxury Imports of Sacramento, et al.*
*C07-02403*

Dear Ms. Zanger:

Per your request the following are my client's damages. Please review the damage calculation below, and get back to me with any reasonable settlement offer.

| | |
|---|---|
| Down Payment | $3,000.00 |
| Total Payments | $3,384.66 |
| Payoff Estimate | $40,231.66 |
| **Sub Total** | **$46,616.32** |
| Insurance | $600.00 |
| Interest | $2,360.82 |
| **Sub Total** | $49,577.14 |
| Punitive Damages | $198,308.56 |
| **Grand Total** | $247,885.70 |

Be advised that the above mentioned damages do not include attorney's fees 01 costs, which will continue to increase.

Parviz Darabi

Sincerely,

PD: ib/erg



**DISCLAIMER:** The information displayed here is current as of MAR 14, 2008 and is updated weekly. Tt is not a complete or certified record of the Corporation.

## Corporation

JPMORGAN CHASE BANK

**Number:** C0248426          **Date Filed: 9/25/1950**          **Status:** active

**Jurisdiction:** NEW YORK

## Address

1111 POLARIS PARKWAY,

COLUMBUS, OH 43240

## Agent for Service of Process

C T CORPORATION SYSTEM

818 WEST SEVENTH ST

LOS ANGELES, CA 90017

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

http://kepler.sos.ca.gov/corpdata/ShowAllList?QueryCorpNumber=C0248426&printer=yes

3/18/2008

1  PARVIZ DARABI, SBN 209021
2  SHELLEY R. O'BRIEN, SBN 112968
   WILLIAM N. BLASSER, SBN 232291
3  **LAW OFFICES OF PARVIZ DARABI**
   500 Airport Blvd., Suite 100
4  Burlingame, CA 94010
   Telephone:  (650) 343-5357
5  Facsimile:   (650) 343-5391

6
7  Attorney for Plaintiff

8               UNITED STATES DISTRICT COURT
9               NORTHERN DISTRICT OF CALIFORNIA

10

11  ANALI AMBRIZ, an individual,        )    CASE  NO:  CV 08 1004 JSW
                                        )
12              Plaintiff               )    DECLARATION OF WILLIAM N. BLASSER,
                                        )    ESQ. IN SUPPORT OF PLAINTIFF, ANALI
13          v.                          )    AMBRIZ'S MOTION TO REMAND THIS
                                        )    MATTER TO CALIFORNIA STATE COURT,
14  LUXURY IMPORTS OF SACRAMENTO,       )    COUNTY OF CONTRA COSTA
    INC., dba SUZUKI OF SACRAMENTO;     )
15  JPMORGAN CHASE BANK, a New York     )
    Corporation dba CHASE AUTO FINANCE, )    Date: May 9, 2008
16  and DOES 1 through 100, inclusive,  )    Time: 9:00 a.m.
                                        )    Judge: Hon. Jeffrey S. White
17                                      )
                                        )
18                                      )
              Defendants.               )
19  _____)

20

21  I, William N. Blasser, declare:

22  I am one of the attorneys representing Plaintiff, Anali Ambriz, in this action. I have personal

23  knowledge of each fact stated in this declaration.

24

25      1.  Plaintiffs have incurred and will incur reasonable costs and attorney fees for bringing this

26          motion in the amount of $6,000.00, which is the costs associated with securing

27          compliance with the Court's order, and preparing and filing this motion.

28

---

Decl. of William Blasser in Support of Plaintiff's Motion to Remand, Case #: CV 08 1004 JSW

2.      I spent ten hours to research and prepare this motion, notice of motion, proposed order and memorandum of points and authorities. Based upon my experience, I can estimate that I will spend two hours reviewing and analyzing any opposition this motion, six hours preparing a reply to any opposition filed, and two hour to prepare for oral argument and attend the hearing.  My hourly rate is $300.00.  Thus, the total amount of attorneys fees incurred is $6,000.00.

3.      Attached to this motion as Exhibit 1 is a letter dated November 21, 2007.  It was sent from our office to counsel for Defendant.

4.      Attached to this motion as Exhibit 2 is a print out from the California Secretary of State's Business Portal website.  It demonstrates that Defendant is an active California Corporation and has been one since September 25, 1950.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        DATE: MARCH 19, 2008


                                                /s/ William N. Blasser, Esq.
                                        _____

                                                WILLIAM N. BLASSER, ESQ.

Decl. of William Blasser in Support of Plaintiff's Motion to Remand, Case #: CV 08 1004 JSW