1  GEORGE G. WEICKHARDT (SBN 58586)
   PAMELA J. ZANGER (SBN 168350)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   201 Spear Street, Suite 1000
3  San Francisco, California  94105
   Telephone:    (415) 543-4800
4  Facsimile:    (415) 972-6301
   Email:        gweickhardt@rmkb.com
5
   Attorneys for Defendant
6  JPMORGAN CHASE BANK, N.A., erroneously sued herein as
   JPMORGAN CHASE BANK, a New York Corporation dba
7  CHASE AUTO FINANCE

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ANALI AMBRIZ, an individual,              CASE NO.  CV 08 1004 JSW

12              Plaintiff,

13       v.                                   **MEMORANDUM OF POINTS AND
                                              AUTHORITIES IN OPPOSITION TO
                                              MOTION TO REMAND**
14  LUXURY IMPORTS OF SACRAMENTO,
    INC., dba SUZUKI OF SACRAMENTO;           **No hearing scheduled**
15  JPMORGAN CHASE BANK, a New York
    Corporation dba CHASE AUTO FINANCE,
16  and DOES 1 through 100, inclusive,

17              Defendants.

18

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Ropers Majeski   Kohn & Bentley
A Professional Corporation
San Francisco

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   PLEADINGS AND PROCEDURAL HISTORY ...............................................2

III.  JPMORGAN CHASE BANK, N.A. IS NOT A CALIFORNIA CORPORATION AND THERE IS COMPLETE DIVERSITY ...............................................3

IV.   THE ACTION WAS NOT REMOVABLE ON THE BASIS OF THE INITIAL PLEADING ...................................................................................................3

V.    THE ACTION WAS NOT REMOVABLE ON THE BASIS OF PLAINTIFF'S SETTLEMENT DEMAND OF NOVEMBER 21, 2007 ....................................5

      A.    A Letter From An Attorney Is Not An "Other Paper" Within The Meaning Of § 1446(b) .........................................................................6

      B.    Settlement Posturing Or Puffery Is Not Admissible Evidence Of The Amount In Controversy ...............................................................9

      C.    An Interrogatory is an "Other Paper" Within the Meaning of § 1446(b) .............11

      D.    Based On The Foregoing Authorities, Chase Would Have Been Exposed To A Substantial Risk Of Sanctions If It Had Removed When It Received The November 21, 2007 Settlement Demand .......................................11

VI.   EVEN IF THE COURT SHOULD DECIDE TO REMAND THIS CASE, PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES AND COSTS...................12

VII.  CONCLUSION ......................................................................................................13

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Biggs v. Wilen*, 97 F. Supp. 2d 1040 (D. Nev. 2000) ................................................... 7

*Bonnell v. Seaboard Airline R.R. Co.*, 202 F. Supp. 53 (N.D. Fla. 1962) ..................................... 9

*Brewster v. A.W. Chesterton Co.*, 2007 U.S. Dist. LEXIS 29420 (N.D. Cal. 2007) .................. 11

*Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994) ............................................... 5

*California Consumers v. Columbia House*, 1997 U.S. Dist. LEXIS 20649 (N.D. Cal. 1997) ....... 7

*Capretto v. Stryker Corp.*, 2007 U.S. Dist. LEXIS 66061 (N.D. Cal. 2007) .............................. 11

*Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992) ...................................................... 11

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006) ............................................ 11

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ....................................................................... 4

*Gilardi v. Atchison, Topeka & Santa Fe R.R. Co.*, 189 F. Supp. 82 (N.D. Ill. 1960) ................... 8

*Gwynn v. Wal-Mart Stores, Inc.* (N.D.N.C. 1996) 955 F. Supp. 44 ........................................... 10

*Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689 (9th Cir. 2005) ................................. 4, 5

*Hudson v. Pinkerton Security Services*, 2004 U.S. Dist. LEXIS 19491 (N.D. Cal. 2004) ............ 7

*Interior Glass Services, Inc. v. FDIC*, 691 F. Supp. 1255 (D. Alaska 1988) ............................... 9

*Lillard v. Joint Medical Products*, 1995 U.S. Dist. LEXIS 328 (N.D. Cal. 1995) ........................ 7

*Lovern v. GMC*, 121 F.3d 160 (4th Cir. 1997) .......................................................................... 11

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ............................................................. 12

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) ............................................ 4

*Merrill v. Kiewit Pacific Co.*, 2006 U.S. Dist. LEXIS 22385 (N.D. Cal. 2006) ......................... 11

*Miller v. Michigan Millers Insurance Co.*, 1997 U.S. Dist. LEXIS 23877 (N.D. Cal. 1997) ......... 7

*Navarro v. Subaru of America Operations Corp.* (N.D. Ill. 1992) 802 F. Supp. 191 ................. 10

*Peabody v. Schroll Trust*, 892 F.2d 772 (9th Cir. 1989) ............................................................. 6

*Putterman v. Daveler*, 169 F. Supp. 125 (D. Del. 1958) ......................................................... 8, 9

*Rico-Chinn v. The Prudential Insurance Co. of America*, 2005 U.S. Dist. LEXIS 23132 (N.D. Cal. 2005) ...................................................................................................................... 11

1

## TABLE OF AUTHORITIES

2

Page

3

*Riggs v. Continental Baking Co.*, 678 F. Supp. 236 (N.D. Cal. 1988) ..........................................8

4

*Rose v. Beverly Health & Rehabilitation Services*, 2006 U.S. Dist. LEXIS 54530 (E.D. Cal. 2006) ...............................................................................................................................6

5

*Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398 (9th Cir. 1996)..................................4

6

*Sfirakis v. Allstate Insurance Co.*, 1991 U.S. Dist. LEXIS 10374 (E.D. Pa. 1991) .....................9

7

*Smith v. International Harvester Co.*, 621 F. Supp. 1005 (D. Nev. 1985)....................................8

8

*Tangletown LLC v. Underwriters at Lloyds, London*, 2006 U.S. Dist. LEXIS 68887 (W.D. Wa. 2006)...............................................................................................................................6

9

*Valdez v. Allstate Insurance Co.*, 372 F.3d 1115 (9th Cir. 2004)..................................................5

10

*Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006)..........................................................................3

11

12

## FEDERAL STATUTES

13

28 U.S.C. § 1348..........................................................................................................................3

14

28 U.S.C. § 1446.......................................................................................................................1, 9

15

28 U.S.C. § 1446(b) ...................................................................................................................6, 9

16

28 U.S.C. § 1447(c) ......................................................................................................................12

17

## STATE STATUTES

18

California Civil Code § 3294.......................................................................................................10

19

California Corporations Code § 2100 ...........................................................................................3

20

## BOOKS AND TREATISES

21

THE RUTTER GROUP, *Federal Civil Procedure Before Trial*, § 2:662.4 .......................................5

22

THE RUTTER GROUP, *Federal Civil Procedure Before Trial*, § 2:664.11 ....................................10

23

24

25

26

27

28

1

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

## I.    INTRODUCTION

Plaintiff Anali Ambriz's motion to remand is based on one plainly erroneous factual ground and two plainly erroneous legal arguments.

First, plaintiff argues that defendant JPMorgan Chase Bank, N.A. is a California corporation.  In support of this erroneous contention, plaintiff files a page from the California Secretary of State's "business portal."  That page indicates no more than that JPMorgan Chase Bank, N.A. has registered the identity of its agent for service of process with the Secretary of State.  The accompanying declaration of Jill Silvestro confirms that JPMorgan Chase Bank, N.A. is a national banking association and that its articles of association designate its main office to be in the State of Ohio.  There is thus complete diversity with plaintiff, who is admittedly a citizen of the State of California.

Next, plaintiff argues that the action was removable on the basis of the initial pleading.  Plaintiff contends that the pleading sought rescission of a contract for the purchase of a vehicle for $43,615.92.  Plaintiff argues that JPMorgan Chase should have concluded that the $75,000.01 jurisdictional minimum would have been met because there is a prayer for an unspecified amount of attorney's fees and punitive damages.  The rule is clear in the Ninth Circuit that a complaint that does not specifically plead an amount in excess of the jurisdictional minimum is not removable even if defendant has some subjective knowledge that the jurisdictional minimum may be involved.

Finally, plaintiff argues that the action became removable on November 21, 2007, when plaintiff sent a settlement demand letter to defendant.  There are eight cases decided by U.S. District Judges in the Ninth Circuit holding that a settlement demand letter or other correspondence is not an "other paper" within the meaning of 28 U.S.C. § 1446.  Plaintiff utterly fails to advise the Court of these authorities and cites no authority in support of the proposition that a settlement demand letter can be an "other paper."

Defendant did not remove the case until it had received an interrogatory answer stating the damages sought were in excess of the jurisdictional minimum.  It was not until defendant

1   received these interrogatory answers that the action became properly removable.

2          In sum, plaintiff's motion is devoid of factual support and fails to cite the relevant

3   authorities dealing with removability.  It is thus a frivolous motion.

4          ## II.    PLEADINGS AND PROCEDURAL HISTORY

5          The complaint in this matter was filed in the Superior Court of the State of California,

6   County of Contra Costa on November 13, 2007.  It alleges that plaintiff Ambriz bought a Ford

7   vehicle from LUXURY IMPORTS OF SACRAMENTO ("the DEALER") on May 19, 2007, for

8   the total price of $43,615.92.  The DEALER is now in bankruptcy and was voluntarily dismissed

9   by plaintiff on November 21, 2007.  Numerous irregularities and statutory violations are alleged

10  against the DEALER, including failure to provide a Spanish translation of the purchase

11  agreement, failure to inform plaintiff that the vehicle had previously been a rental vehicle, failure

12  to register the vehicle, and failure to transfer title to plaintiff's trade-in vehicle.  All of the

13  charging allegations are made exclusively against the DEALER.  The only allegations against

14  Chase are the form allegation that all defendants were acting as the agents of one another (¶¶ 8 &

15  9) and the allegation that Chase as the LENDER (purchaser of the retail installment sales contract

16  for the vehicle) is subject to all claims and defenses plaintiff has as to the DEALER.

17         There is no allegation that Chase knew or even should have known about any of the

18  DEALER'S wrongful conduct when it purchased the retail installment sales contract, and no

19  allegation that Chase was guilty of "malice, fraud or oppression," which is required to support a

20  claim for punitive damages under Civil Code § 3294.  The only numbers mentioned in the

21  complaint are the purchase price of the vehicle and the amount of the monthly payment.

22         On December 18, 2007, Chase answered the complaint.  On February 11, 2008, Chase

23  received responses to its Special Interrogatories which inquired as to the nature, type and amounts

24  of plaintiff's damages.  The responses indicated that  plaintiff's total damages were $287,889.95.

25         On February 19, 2007, Chase removed the action to this Court, stating in its notice of

26  removal that it is a national banking association with its principal place of business in the State of

27  Ohio, and that there was original federal jurisdiction on the basis of diversity of citizenship.

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

III.    **JPMORGAN CHASE BANK, N.A. IS NOT A CALIFORNIA CORPORATION AND THERE IS COMPLETE DIVERSITY**

The most frivolous argument made in the motion for remand is that JPMorgan Chase Bank, N.A. is a corporation organized under the laws of the State of California and is, therefore, a citizen of the State of California. Absolutely no admissible evidence is submitted to support this frivolous argument. The only purported evidence submitted is a printout from the "California Business Portal," maintained by the Secretary of State, giving the address of JPMorgan Chase Bank as 1111 Polaris Parkway, Columbus, Ohio, and stating that its agent for service of process is CT Corporation in Los Angeles. There is no statement on this website printout to support plaintiff's contention that JPMorgan Chase Bank, N.A. is a corporation organized under the laws of the State of California. Under California Corporations Code § 2100, et seq., a foreign corporation is required either to register its corporate name with the Secretary of State or designate an agent for service of process. Plaintiff has made no showing that the Secretary of State's records attached to its motion is anything more than or different from one of these types of registrations by foreign corporations.

As indicated in the attached declaration of Jill Silvestro – an officer of JPMorgan Chase Bank, N.A. – JPMorgan Chase Bank, N.A. is a national banking association organized under the laws of the United States, and its articles of association designate its principal place of business as the State of Ohio. There is no admissible evidence submitted by plaintiff to contradict this.

For purposes of diversity of citizenship a national bank is a citizen of the state in which it is located. 28 U.S.C. § 1348. A national bank is located in the state its articles designate as the location of its main office, not where it maintains branch offices. *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006).

IV.    **THE ACTION WAS NOT REMOVABLE ON THE BASIS OF THE INITIAL PLEADING**

Plaintiff argues that the complaint demands rescission of a contract worth $43,615.92 and recovery of an unspecified amount of punitive damages and attorneys fees. Plaintiff MPA 5:25-6:06. Plaintiff then erroneously contends that such allegations are sufficient to indicate that "over $75,000. is being disputed by the parties." No authority is cited by plaintiff to support this

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  argument.

2      In the Ninth Circuit, a removing defendant must establish the amount in controversy by a

3  preponderance of admissible evidence:

> In *Gaus*, we held that in removed cases where the amount in
> controversy is in dispute and where it is unclear from the plaintiff's
> complaint whether the plaintiff is seeking more than $50,000, 'the
> defendant bears the burden of actually proving the facts to support
> jurisdiction including the jurisdictional amount.' *Gaus*, 980 F.2d at
> 566-567 [citation] . . . . Although we did not explicitly hold in
> *Gaus* that a removing defendant must prove the existence of the
> amount in controversy 'by a preponderance of evidence,' it is clear
> from our reliance on *McNutt* [*v. General Motors Acceptance Corp.*,
> 298 U.S. 178 (1936)] that this was our intent . . . . Accordingly, we
> hold that in cases where a plaintiff's state court complaint does not
> specify a particular amount of damages, the removing defendant
> bears the burden of establishing by a preponderance of the evidence
> that the amount in controversy exceeds $50,000.

12  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The Ninth Circuit went

13  on to hold that a claim for treble punitive damages pursuant to California Civil Code § 3345 did

14  not provide a basis for removal because there was no evidence that plaintiff was entitled to, or

15  had alleged, the fines or penalties mentioned in that statute.

16      The Ninth Circuit more recently visited this issue in *Harris v. Bankers Life and Casualty*

17  *Co.*, 425 F.3d 689, 693 (9th Cir. 2005). In that case, the Ninth Circuit formulated three possible

18  removal scenarios in a diversity case: (1) the case is clearly removable on the face of the

19  complaint, (2) the case is not clearly removable on the face of the complaint, or (3) it is unclear

20  from the complaint whether the case is removable. This third scenario was referred to as an

21  "indeterminate pleading," and is the one at issue here. In that scenario, the Ninth Circuit declined

22  to impose on defendants an obligation to look beyond the four corners of the pleading to

23  determine whether there was a basis for federal jurisdiction. It held:

> [Notice] of removability under § 1446(b) is determined through the
> four corners of the applicable pleadings, not through subjective
> knowledge or a duty to make further inquiry. Thus, the first thirty
> day requirement is triggered by defendant's receipt of an "initial
> pleading" that reveals a basis for removal. If no ground for removal
> is evident in that pleading . . . the notice of removal may be filed
> within thirty days after the defendant receives "an amended motion,
> order or other paper" from which it can be ascertained from the face
> of the document that removal is proper.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

The amount in controversy must be "apparent from the face of the complaint." *Harris*, 425 F.3d at 693. Otherwise, a case cannot be removed on the basis of the initial pleading.[1]

Even if it were permissible to look for evidence of the amount in controversy outside the four corners of the initial pleading, Plaintiff fails to explain what admissible evidence was available to Chase at the time the complaint was served that would establish that the jurisdictional minimum was present. If defendant had removed on the basis of these allegations of the complaint alone, it would have faced an insurmountable burden. Where the complaint alleges less than the jurisdictional minimum, defendant, to avoid remand, must prove to a legal certainty that the jurisdictional minimum is met. "To meet this burden, defendant must provide admissible evidence that it is more likely than not that the amount in controversy exceeds $75,000." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) [allegations in removal notice on information and belief that amount exceeds $75,000 held not sufficient]. Removal cannot be based, in other words, on defendant's belief that plaintiff might ask for or recover more than the jurisdictional minimum. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

Thus, where the only damages pleaded in the complaint are less than the jurisdictional minimum the defendant cannot assume that unquantified claims for attorneys fees or punitive damages will make up the difference. As advised in THE RUTTER GROUP, *Federal Civil Procedure Before Trial*, § 2:662.4, it is "better to conduct . . . discovery in state court before removal" to obtain admissible evidence of plaintiff's calculation of his damages. That is exactly what Chase did in the present case.

## V.    THE ACTION WAS NOT REMOVABLE ON THE BASIS OF PLAINTIFF'S SETTLEMENT DEMAND OF NOVEMBER 21, 2007

Plaintiff attaches to its motion a settlement demand that it made by letter on November 21, 2007. Plaintiff contends that this settlement demand gave Chase a basis to remove on that date, and that Chase's removal was not timely because it failed to remove within thirty days of receiving that letter.

---

[1] Although the initial pleading named a diverse and non-diverse defendant, the non-diverse defendant was never served, and was eventually determined to have been dead when the action was filed. The defendant removed the case ten months after it was filed, when it became apparent that the non-diverse defendant would not be served in time for the then pending trial date.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

The settlement demand itemized actual damages of only $49,577.14, and demanded punitive damages of $198,308.56 (four times the actual damages demanded) for a grand total of $247,885.70. No basis was stated for the demand for punitive damages.

## A.    A Letter From An Attorney Is Not An "Other Paper" Within The Meaning Of § 1446(b)

The November 21, 2007 letter did not provide a basis for removal because it was not an "other paper" under § 1446(b). For the November 21, 2007 letter to trigger the thirty-day period to remove, plaintiff would have to establish that it was "an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (second paragraph). Plaintiff has presented no authority whatsoever that a letter from counsel can constitute such an "other paper," and each of eight U.S. District Judges in the Ninth Circuit that has considered the issue has found that a letter from counsel does not satisfy the "other paper" requirement, even if the letter refers to facts that might indicate that the jurisdiction minimum is met or that indicate some other basis for federal jurisdiction. Plaintiff inexcusably fails to cite any of these eight cases.

Most recently, in *Tangletown LLC v. Underwriters at Lloyds, London*, 2006 U.S. Dist. LEXIS 68887 (W.D. Wa. 2006), the court observed that the Ninth Circuit has not considered the question but courts in the Ninth Circuit follow the "paper in the case" rule for determining when the thirty day provision in the second paragraph of section 1446(b) commences to run, meaning that the term "other paper" was limited to documents that were "official." The court found a settlement demand letter dated the day after the complaint was filed by an association that was not a party in the present suit did not establish the amount in controversy. For this proposition, the court found support in *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir. 1989), which held that the thirty day period was not triggered by documents that were not made part of the state court record.

In *Rose v. Beverly Health & Rehab. Services*, 2006 U.S. Dist. LEXIS 54530 (E.D. Cal. 2006), an e-mail between counsel was held not to be an "other paper" within the meaning of the statute.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    In *Hudson v. Pinkerton Security Services*, 2004 U.S. Dist. LEXIS 19491 (N.D. Cal. 2004)

2  (Whyte, J.), it was found that an action became removable for federal question jurisdiction when

3  a trial brief and pretrial conference statement were filed indicating the jurisdictional amount. The

4  court held that thirty days under section 1446(b) does not begin to run until the elements of

5  removability are specifically indicated in official papers. The court further observed that the

6  phrase "other paper" was interpreted to mean "documents generated within the state court

7  litigation," *citing Biggs v. Wilen*, 97 F. Supp.2d 1040, 1047 (D. Nev. 2000).

8    In *Biggs*, *supra*, the plaintiff contended, as does Ambriz, that the case had not been timely

9  removed because it had not been removed within thirty days of a settlement demand letter. The

10  court specifically found that the settlement demand letter did not trigger the thirty day period.

11    Although the Ninth Circuit has provided no guidance on this issue,
   the district courts in this circuit have found that letters between
12    attorneys do not constitute "other papers" under section 1446(b)
   [citations]. The courts' holdings are premised on the fact that in
13    interpreting statutes, general words are to be construed to embrace
   only objects similar in nature to those objects specifically
14    enumerated in the statute. Therefore, the phrase "other paper" in
   section 1446(b) is read to mean "papers" similar to an amended
15    pleading, motion or order . . . .

16    The demand letter sent to the defendants by plaintiffs' counsel and
   the documents produced by plaintiffs in their motion to strike the
17    amended notice of removal do not meet the criteria described above
   because they are informal correspondence between the parties and
18    counsel that cannot be considered official papers in this action.

19  *Id.* at 1047.

20    In *California Consumers v. Columbia House*, 1997 U.S. Dist. LEXIS 20649 (N.D. Cal.

21  1997) (Walker, J.), the purported basis for removal was correspondence stating facts that

22  potentially indicated federal question jurisdiction. Such correspondence was found not to be an

23  "other paper" within the meaning of the statute.

24    In *Miller v. Michigan Millers Insurance Co.*, 1997 U.S. Dist. LEXIS 23877 (N.D. Cal.

25  1997) (Patel, J.), it was also held that correspondence indicating the amount in controversy was

26  not an "other paper" within the meaning of section 1446.

27    In *Lillard v. Joint Medical Products*, 1995 U.S. Dist. LEXIS 328 (N.D. Cal. 1995), it was

28  held that even a letter in the nature of informal discovery stating the amount in controversy was

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

insufficient to trigger the 30-day period to remove.  The Court held that only <u>formal</u> discovery

could trigger the 30 days.  In *Lillard*, plaintiff claimed that the first-served defendant became

aware of the removability of the case on August 4, 1994, via a letter from plaintiff's counsel to

defense counsel indicating that the plaintiff's medical expenses totaled $74,674.74 (at that time,

the jurisdictional minimum was $50,000).  The court held:

> The phrase 'other paper' has been interpreted as 'documents generated within the state court litigation.'  *See, e.g., Smith v. International Harvester Co.*, 621 F. Supp. 1005, 1009 (D. Nev. 1985).  Some courts have extended this interpretation to include such discovery documents as depositions . . . .
>
> Plaintiff contends that the letter between counsel was part of discovery, and like depositions, should fall under the 'other paper' requirement.  The court first notes that the type of discovery attempted here was informal in nature . . . .  Plaintiff thus requests the court in essence to extend the 'other paper' requirement to include informal discovery or, in the event the court refuses to define it as such, general correspondence between counsel.  The court refuses to extend the requirement under both circumstances.  Looking at the history and development of the definition of 'other paper' the court does not agree such an extension is proper.  In *Putterman v. Daveler*, 169 F. Supp. 125 (D. Del. 1958), the court held that in order to meet the sufficiency of section 1446(b), the term 'other paper' meant a paper which was filed of record, similar to the requirements of the other types of paper listed in the statute, i.e., an amended pleading, motion or order.  In *Gilardi v. Atchison, Topeka & Santa Fe R.R. Co.*, 189 F. Supp. 82 (N.D. Ill. 1960), the court held an unfiled deposition, where the state court did not require depositions to be filed in court met the test of 'other paper' since the discovery deposition was part of the state judicial process.  The court found the term 'other paper' refers to such court processes even though not required to be filed, so long as those papers are part and parcel of the state court proceedings having their origin in existence by virtue of the state court processes.  189 F. Supp. at 84.
>
> In *Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988), the court also found a deposition constituted 'other paper' for purposes of § 1446(b).  Judge Weigel expressly stated, however, that 'the elements of removability must be specifically indicated in *official* papers before the statutory period begins to run.'  678 F. Supp. at 238 . . . .  The court agrees with both the statutory interpretation and public policy implications of these above holdings, in particular, the *Riggs* decision.  First, the court finds that Judge Weigel's limitation of 'other paper' to only official documents comports with the wording of the statute based on the doctrine of *ejusdem generis*.  Second, as a matter of policy, the court also finds it wise to maintain the 'official paper' requirement given its concern over the ability to enforce a rule that allows the removal period to be triggered by unofficial discovery.  Formal

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1

> discovery, such as depositions, require the presence of both counsel at the same time, and the entire proceeding is transcribed . . . . The same cannot be said for informal discovery.  The court is concerned with manipulative plaintiffs who may circumvent removal by sending an informal correspondence to unsuspecting defense counsel, who, through no fault of their own may not address the correspondence until the removal period has expired.

*Id.* at 8.

In *Interior Glass Services, Inc. v. FDIC*, 691 F. Supp. 1255 (D. Alaska 1988), the Hon. Andrew J. Kleinfeld, then a U.S. District Judge, rejected the plaintiff's argument that the 30 days under 28 U.S.C. § 1446(b) began running when a failed bank's lawyer sent the FDIC a letter telling the FDIC about the case and enclosing a copy of the complaint.  Plaintiff argued that receipt of such information was sufficient to give notice of removability.  The court held that stretching § 1446 to

> cover lawyer's letters would violate the principle of *ejusdem generis*.  This sensible principle, by which general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words implies that the phrase 'other paper' in 'amended pleading, motion, order or other paper' means a 'paper' similar to an amended pleading, motion or order. [Citation.]  A judge's letter may be like an order, but a lawyer's letter is not. [Citation.]  If a lawyer's letter were an 'other paper,' motions for remand might require discovery of defense attorneys' files, and the uncertainty of the law would be magnified by problems of interpreting the letters.

*Id.* at 1257.

For other cases holding that correspondence between attorneys does not constitute an "other paper" as contemplated in section 1446, *see*, *Putterman v. Daveler*, 169 F. Supp. 125 (D. Del. 1958); *Sfirakis v. Allstate Insurance Co.*, 1991 U.S. Dist. LEXIS 10374 (E.D. Pa. 1991); *Bonnell v. Seaboard Airline R.R. Co.*, 202 F. Supp. 53, 55 (N.D. Fla. 1962).

While there are district court cases in other circuits holding that a written settlement demand may constitute an "other paper," as contemplated in section 1446, the rule in the Northern District of California and in the Ninth Circuit in general is distinctly to the contrary.

**B.**    **Settlement Posturing Or Puffery Is Not Admissible Evidence Of The Amount In Controversy**

Even in those circuits were a settlement demand is considered an "other paper," posturing

- 9 -

in settlement has been viewed insufficient to establish the jurisdictional amount. Demanding a huge amount of punitive damages in an informal settlement demand is generally considered to be "puffing" that does not constitute admissible evidence of the amount truly in controversy. Thus, in *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992), <u>even a statement filed by the plaintiff in court</u> that the actual damages sought were "in the millions of dollars" was held to be insufficient to support diversity jurisdiction. *Gaus* stated that assertions of the amount in controversy "without the defendant identifying any specific factual allegations or provisions in the complaint which might support that provision, should provoke sua sponte remand."

Summarizing the law, The THE RUTTER GROUP, *Federal Civil Procedure Before Trial*, Section 2:664.11 states:

> Defendant cannot rely solely on plaintiff's settlement demands or statements made by plaintiff in settlement negotiations to establish the amount of the claim for jurisdictional purposes. 'Such puffing cannot be taken as evidence of the amount in controversy [*Navarro v. Subaru of America Operations Corp.* (N.D. Ill. 1992) 802 F. Supp. 191, 194; *Gwynn v. Wal-Mart Stores, Inc.* (N.D.N.C. 1996) 955 F. Supp. 44, 46].

In *Navarro*, *id*., for example, the court concluded that federal jurisdiction should not turn on "puffing" by plaintiff's counsel, who may merely want to posture for purposes of extracting a more favorable settlement. The Court also observed that if settlement demands can trigger the thirty-day removal period, that would encourage defense counsel to seek exaggerated demands in order to create a basis for removal.

Any reasonable defendant receiving the November 21, 2007 letter would interpret it only as puffing or posturing for settlement purposes, not as a candid assessment of the amount to be recovered at trial. No facts are stated to support a claim for punitive damages, and, as noted above, the complaint, while it alleges that the dealer committed many wrongful acts, nowhere alleges that Chase had any knowledge of what the dealer was doing. Nor is it alleged anywhere that Chase acted with fraud, oppression, or malice, as required to recover punitive damages under Civil Code § 3294.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

**C.**    **An Interrogatory is an "Other Paper" Within the Meaning of § 1446(b)**

While the above discussion establishes that a settlement demand letter is not an "other paper" within the meaning of § 1446(b), it is universally recognized, both in the Northern District of California and elsewhere, that an interrogatory answer is an "other paper." *Capretto v. Stryker Corp.*, 2007 U.S. Dist. LEXIS 66061 (N.D. Cal. 2007) (Alsup, J.) ("Interrogatory responses and other discovery documents can constitute an 'other paper' . . . ."); *Brewster v. A.W. Chesterton Co.*, 2007 U.S. Dist. LEXIS 29420 (N.D. Cal. 2007) (Alsup, J.); *Merrill v. Kiewit Pacific Co.*, 2006 U.S. Dist. LEXIS 22385 (N.D. Cal. 2006); (Maria-Elena James, M.J.); *Rico-Chinn v. The Prudential Insurance Co. of America*, 2005 U.S. Dist. LEXIS 23132 (N.D. Cal. 2005) (Chesney, J.). For cases in other jurisdictions, *see Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992); *Lovern v. GMC*, 121 F.3d 160 (4th Cir. 1997).

**D.**    **Based On The Foregoing Authorities, Chase Would Have Been Exposed To A Substantial Risk Of Sanctions If It Had Removed When It Received The November 21, 2007 Settlement Demand**

Recently, the Ninth Circuit in *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006) made it clear that "we no longer require defendants [to risk sanctions for premature removal] -- we don't charge defendants with notice of removability until they have received a paper that gives them enough information to remove." *Id.* at 1251. There, the complaint did not reveal the basis for removal under section 1442(a) by federal officers or their agents based on acts performed under color of their federal office where they assert a colorable federal defense. The court held that to start the 30-day clock running, the plaintiff had to provide the defendant with facts to support the propositions that there was a causal nexus between defendant's actions taken pursuant to a federal officer's directions and the plaintiff's claim, and that the defendant could assert a colorable federal defense. Because there was not enough information in the complaint for a defendant to discern whether its allegedly wrongful conduct was protected by federal contractor immunity the defendant "may well have subjected itself to fees and costs and potentially Rule 11 sanctions for filing a baseless notice of removal. After *Harris*, we no longer require defendants to take this blind leap. We don't charge defendants with notice of removability until they have received a paper that gives them enough information to remove." *Id.* at 1251.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    If Chase had attempted to remove the case on the basis of the November 21, 2007

2   settlement demand, plaintiff would have undoubtedly claimed that that demand did not establish

3   by a preponderance of admissible evidence that the amount in controversy was beyond $75,000

4   and Chase would have been exposed to potential sanctions for filing a baseless notice of removal.

5   ## VI.    EVEN IF THE COURT SHOULD DECIDE TO REMAND THIS CASE, PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES AND COSTS

6

7    The present motion is so lacking in merit that the Court should consider sua sponte

sanctioning plaintiff's counsel.

8    Regarding plaintiff's claim for sanctions, the removal statute, 28 U.S.C. § 1447(c), allows

9   the court to order the defendant to pay the plaintiff its "just costs and any actual expenses, if it

10  remands an action, including attorney's fees incurred as a result of the removal." The U.S.

11  Supreme Court has held that such an award is discretionary and that "absent unusual

12  circumstances, courts may award attorney's fees under § 1447(c) only when the removing party

13  lacked an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S.

14  132, 141 (2005). There is also no presumption in favor or against granting fees and costs in such

15  cases. *Martin*, *id.* at 139-141.

16   The unbroken string of eight cases decided by U.S. District Courts in the Ninth Circuit

17  holding that a settlement demand letter is not an "other paper" and that an interrogatory is an

18  "other paper," confirms that there was an objectively reasonable basis to remove the case once the

19  interrogatory answers were received, but not previous to that.

20   Even if the Court should deem an award of fees appropriate, the fees sought by plaintiff

21  are excessive and unreasonable. The declaration of William N. Blasser states that he spent ten

22  hours researching and preparing the motion and estimates that he will spend an additional ten

23  hours on the reply and hearing, and that his hourly rate is $300 per hour. As indicated in the

24  attached declaration of George G. Weickhardt, Mr. Blasser was admitted to the California bar in

25  November 2004. He has thus been practicing for only a little more than three years. An hourly

26  rate of $300 per hour is excessive for such an inexperienced attorney.

27   The firm representing the defendant, which has been practicing in the area of auto finance

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1   and consumer finance in general for decades would charge $195 per hour for an associate with

2   three years' experience in auto finance litigation.

3           Mr. Blasser's expenditure of ten hours on the brief filed in support of the motion to

4   remand is also excessive, particularly in view of the fact that it cites no authorities on whether an

5   interrogatory answer or a settlement demand letter constitutes an "other paper." It does little

6   more than cite elementary authorities on the basic rules of removal and completely misses the

7   relevant authority on the key issues presented by the motion.

8                               **VII.   CONCLUSION**

9           For the reasons stated above, the Court should deny plaintiff's motion to remand. Even if

10  the motion is granted, it should deny plaintiff's motion for award of attorney's fees.

11

12  Respectfully submitted: April 3, 2008.          ROPERS, MAJESKI, KOHN & BENTLEY

13

14                                              By:/s/ George G. Weickhardt
15                                                 GEORGE G. WEICKHARDT
                                                   PAMELA J. ZANGER
16                                                 Attorneys for Defendant
                                                   JPMORGAN CHASE BANK, N.A.,
17                                                 erroneously sued herein as JPMORGAN
                                                   CHASE BANK, a New York Corporation
18                                                 dba CHASE AUTO FINANCE

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1  GEORGE G. WEICKHARDT (SBN 58586)
2  PAMELA J. ZANGER (SBN 168350)
   ROPERS, MAJESKI, KOHN & BENTLEY
   201 Spear Street, Suite 1000
3  San Francisco, California 94105
   Telephone:    (415) 543-4800
4  Facsimile:     (415) 972-6301
   Email:          gweickhardt@rmkb.com
5
   Attorneys for Defendant
6  JPMORGAN CHASE BANK, N.A., erroneously sued herein as
   JPMORGAN CHASE BANK, a New York Corporation dba
7  CHASE AUTO FINANCE

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 ANALI AMBRIZ, an individual,           CASE NO.  CV 08 1004 JSW

12            Plaintiff,
                                          **DECLARATION OF JILL SILVESTRO IN**
13     v.                                 **OPPOSITION TO MOTION TO REMAND**

14 LUXURY IMPORTS OF SACRAMENTO,          **No hearing scheduled**
   INC., dba SUZUKI OF SACRAMENTO;
15 JPMORGAN CHASE BANK, a New York
   Corporation dba CHASE AUTO FINANCE,
16 and DOES 1 through 100, inclusive,

17            Defendants.

18

19     I, Jill Silvestro, declare as follows:

20     1.     I am an officer of JPMorgan Chase Bank, N.A., and my office is located in the

21 State of New York. My title is Assistant Vice President and in that capacity, I am familiar with

22 the form of organization of my employer and the location of its principal office.

23     2.     JPMorgan Chase Bank, N.A. is a national banking association.  Its articles of

24 association designate the State of Ohio as the location of its main office.  It is not and never has

25 been a corporation organized under the laws of the State of California and has never had its

26 principal office located in California.

27     I declare under penalty of perjury under the laws of the United States of America that the

28 foregoing is true and correct and that this declaration was executed in the incorporated village of

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1   Garden City, State of New York, on March 25th, 2008.

2

3

4   _____
        JILL SILVESTRO

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

DECLARATION OF JILL SILVESTRO IN OPPOSITION TO
MOTION TO REMAND THIS MATTER TO STATE COURT.
COUNTY OF CONTRA COSTA

1  GEORGE G. WEICKHARDT (SBN 58586)
   PAMELA J. ZANGER (SBN 168350)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   201 Spear Street, Suite 1000
3  San Francisco, California  94105
   Telephone:    (415) 543-4800
4  Facsimile:    (415) 972-6301
   Email:        gweickhardt@rmkb.com
5
   Attorneys for Defendant
6  JPMORGAN CHASE BANK, N.A., erroneously sued herein as
   JPMORGAN CHASE BANK, a New York Corporation dba
7  CHASE AUTO FINANCE

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ANALI AMBRIZ, an individual,              CASE NO.  CV 08 1004 JSW

12                   Plaintiff,
                                              **DECLARATION OF GEORGE G.
13       v.                                   WEICKHARDT IN OPPOSITION TO
                                              MOTION TO REMAND**
14  LUXURY IMPORTS OF SACRAMENTO,
    INC., dba SUZUKI OF SACRAMENTO;           **No hearing scheduled**
15  JPMORGAN CHASE BANK, a New York
    Corporation dba CHASE AUTO FINANCE,
16  and DOES 1 through 100, inclusive,

17                   Defendants.

18

19       I, GEORGE G. WEICKHARDT, declare as follows:

20       1.      I am an attorney at law duly authorized to practice before this Court, and I am a

21  employed at the law firm of Ropers, Majeski, Kohn & Bentley, PC, counsel of record for

22  Defendant JPMorgan Chase Bank, N.A., erroneously sued herein as JP Morgan Chase Bank, a

23  New York Corporation dba Chase Auto Finance, in the above-entitled action.  I have personal

24  knowledge of the matters contained in this declaration and, if called as a witness to testify, I could

25  and would competently testify to them.

26       2.      Plaintiff's counsel did not meet and confer with me or anyone at my firm prior to

27  filing the present motion to give my firm at least the opportunity of consenting to remand.

28       3.      Attached hereto as Exhibit A are the California bar records for William N. Blasser,

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

RC1/5096515.1/WK1                          - 1 -         DECLARATION OF GEORGE G. WEICKHARDT IN
                                                           OPPOSITION TO MOTION TO REMAND

1    whose declaration plaintiff has filed in support of its motion.  These records indicate that Mr.

2    Blasser was admitted to the California bar in November 2004.  My firm, Ropers Majeski Kohn &

3    Bentley, which has been practicing in the area of consumer finance in general for decades, would

4    charge $195.00 per hour for an associate with three years' experience.

5

6        I declare under penalty of perjury under the laws of the United States of America that the

7    foregoing is true and correct and that this declaration was executed in the City and County of

8    San Francisco on April 1, 2008.

9                                                    GEORGE G. WEICKHARDT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco



# THE STATE BAR OF CALIFORNIA

Wednesday, April 2, 2008                                                         State Bar Home

Home > Attorney Search > Attorney Profile

## ATTORNEY SEARCH

## William Nicholas Blasser - #232291

### Current Status: Active

This member is active and may practice law in California.

See below for more details.

### Profile Information

| Bar Number | 232291 | | |
|---|---|---|---|
| Address | 13196 Spire Cir<br>Chino Hills, CA, 91709 | Phone Number | Not Available |
| | | Fax Number | Not Available |
| | | e-mail | wblasser@lawyer.com |
| District | District 6 | Undergraduate School | Univ of Montana; Missoula MT |
| County | San Bernardino | Law School | Western State Univ COL; Fullerton CA |
| Sections | Labor & Employment Litigation | | |

### Status History

| Effective Date | Status Change |
|---|---|
| *Present* | Active |
| 11/26/2004 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

#### Disciplinary and Related Actions
This member has no public record of discipline.

#### Administrative Actions
This member has no public record of administrative actions.

Start New Search >

**EXHIBIT A**

1  GEORGE G. WEICKHARDT (SBN 58586)
   PAMELA J. ZANGER (SBN 168350)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   201 Spear Street, Suite 1000
3  San Francisco, California  94105
   Telephone:    (415) 543-4800
4  Facsimile:    (415) 972-6301
   Email:       gweickhardt@rmkb.com
5
   Attorneys for Defendant
6  JPMORGAN CHASE BANK, N.A., erroneously sued herein as
   JPMORGAN CHASE BANK, a New York Corporation dba
7  CHASE AUTO FINANCE

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 ANALI AMBRIZ, an individual,           CASE NO.  CV 08 1004 JSW

12             Plaintiff,                  **PROOF OF SERVICE**

13        v.

14 LUXURY IMPORTS OF SACRAMENTO,
   INC., dba SUZUKI OF SACRAMENTO;
15 JPMORGAN CHASE BANK, a New York
   Corporation dba CHASE AUTO FINANCE,
16 and DOES 1 through 100, inclusive,

17             Defendants.

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

**CASE NAME:**    **Anali Ambriz, an individual  v. Luxury Imports of Sacramento, Inc., dba Suzuki of Sacramento,  et al.**

**ACTION NO.:**    **CV 08 1004 JSW — U.S. District Court, Northern District of California**

I am a citizen of the United States. My business address is 201 Spear Street, Suite 1000, San Francisco, CA  94105.  I am employed in the County of San Francisco where this service occurs.  I am over the age of 18 years, and not a party to the within cause.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REMAND**

**DECLARATION OF JILL SILVESTRO IN OPPOSITION TO MOTION TO REMAND**

**DECLARATION OF GEORGE G. WEICKHARDT IN OPPOSITION TO MOTION TO REMAND**

(BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

**Attys. for Plaintiff**

Parviz Darabi, Esq.
Shelley R. O'Brien, Esq.
Eric Heffelfinger, Esq.
Law Offices of Parviz Darabi
500 Airport Blvd., Suite 100
Burlingame, CA  94010
Tel: (650) 343-5357
Fax: (650) 343-5391

☒    *(Federal)*  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 3, 2008, at San Francisco, California.

/s/ Wendy Krog

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco