PARVIZ DARABI, SBN 209021
WILLIAM N. BLASSER, SBN 232291
**LAW OFFICES OF PARVIZ DARABI**
500 Airport Blvd., Suite 100
Burlingame, CA 94010
Telephone:  (650) 343-5357
Facsimile:   (650) 343-5391

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANALI AMBRIZ, an individual,<br><br>            Plaintiff<br><br>            v.<br><br>LUXURY IMPORTS OF SACRAMENTO, INC., dba SUZUKI OF SACRAMENTO; JPMORGAN CHASE BANK, a New York Corporation dba CHASE AUTO FINANCE, and DOES 1 through 100, inclusive,<br><br>            Defendants. | CASE  NO:   CV 08 1004 JSW<br><br>PLAINTIFF, ANALI AMBRIZ'S REPLY TO DEFENDANT'S OPPOSITION TO HER MOTION TO REMAND THIS MATTER TO CALIFORNIA STATE COURT, COUNTY OF CONTRA COSTA<br><br>Date: May 9, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. Jeffrey S. White |

I.    <u>Introduction</u>

Plaintiff's motion for remand requires JP Morgan Chase Bank, N.A. (hereinafter referred to as "Defendant") to **prove by a preponderance of evidence** that diversity of citizenship exists.  See *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566; *B., Inc. v. Miller Brewing Co.* (5th Cir. 1981) 663 F.2d 545, 549; *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (CD CA 2002) 199 F.Supp.2d 993, 1000.   Defendant also has the burden of showing that all *procedural* requirements for removal have been complied with.  See *Parker v. Brown* (SD OH 1983) 570 F.Supp. 640, 642–643.  The removal statute is <u>strictly construed</u>

against removal, and this <u>matter should be remanded if there is **any doubt** as to the existence of federal jurisdiction</u>. See *Gaus v. Miles, Inc.,* (9th Cir.1992) 980 Fed.2d 564, 565.

For the reasons explained below, Defendant has failed to prove complete diversity exists. Likewise, it fails to prove removal was procedurally proper. Finally, Defendant's attorney disingenuously states Plaintiff did not "meet and confer" with his office prior to filing this motion. Plaintiff attempted to meet and confer by leaving three voice messages for Defendant…Defendant simply refused to call Plaintiff back. For these reasons, the Court should grant Plaintiff's Motion to Remand this matter back to California State Court.

## II.    <u>Defendant has not Proven Complete Diversity Exists</u>

Defendant claims complete diversity exists because it is a national banking association which designates the State of Ohio as its main office. To support this, Defendant submits the declaration of its Assistant Vice President, Jill Silvestro. Essentially, Defendant argues its principal place of business is in Ohio, "because its articles say so." This does not, however, prove diversity of citizenship.

Courts determine a corporation's principal place of business by examining the entity's *total activities*, taking into account *all* aspects of the corporation's business, including where its operations are located, where it supervises the business and where it employs persons and conducts its business. See *Industrial Tectonics, Inc. v. Aero Alloy* (9th Cir. 1990) 912 Fed.2d 1090, 1094; *Teal Energy USA, Inc. v. GT, Inc.* (5th Cir. 2004) 369 Fed.3d 873, 876; *MacGinnitie v. Hobbs Group, LLC* (11th Cir. 2005) 420 Fed.3d 1234, 1239]. As the Court in *Industrial Tectonics, Inc. v. Aero Alloy* (9th Cir. 1990) 912 F2d 1090 explained: "(O)ne must keep in mind that the purpose of diversity jurisdiction is to avoid the effects of prejudice against outsiders. Thus, the principal place of business should be the place where the corporation conducts *the most*

---

Plaintiff's Reply to Defendant's Opposition to Remand, Case #: CV 08 1004 JSW

*activity that is visible and impacts the public* ..." - i.e., where it is most noticeably present. See *Industrial Tectonics, Inc. v. Aero Alloy* (9th Cir. 1990) 912 Fed.2d 1090, 1094 (emphasis added).

When a corporation's activities are centralized in one state, it will be considered a citizen of that state.  If, on the other hand, the bulk of the corporation's activities are more dispersed, courts will consider the corporation a citizen of the state where the bulk of those activities substantially predominate. See *Gafford v. General Elec. Co.* (6th Cir. 1993) 997 Fed.2d 150, 162; *R.G. Barry Corp. v. Mushroom Makers, Inc.* (2nd Cir. 1979) 612 Fed.2d 651, 655.  Whether a corporation's business activity in a given state "substantially predominates" **requires comparison of its business activity in that state (number of employees, tangible property, production activity, sources of income, etc.) to its business activity in other *individual* states**: "'(S)ubstantial predominance' ... requires only that the amount of (the) corporation's business activity in one state be *significantly larger than any other state* in which the corporation conducts business."  Hence, the Court must look at the sales, operating income, receivables, employees, etc. accounted for by the operations in each state. It must also look at the *value of corporate assets* (inventory, equipment, property, etc.) in each state.  See *Industrial Tectonics, Inc. v. Aero Alloy* (9th Cir. 1990) 912 Fed.2d 1090, 1094.

As explained above, the onus is on Defendant to prove by a preponderance of the evidence that its business activities in Ohio be significantly larger than those which are conducted in California.  Defendant has failed to produce any such evidence, and has instead submitted a bare bones declaration stating that its articles of association list the State of Ohio as its main office.  Simply put, Defendant has not proven that complete diversity of citizenship exists in this matter.

---

Plaintiff's Reply to Defendant's Opposition to Remand, Case #: CV 08 1004 JSW

Although it is not Plaintiff's burden to do so, it has produced evidence indicating that Defendant regularly conducts business in California. Plaintiff contends Defendant routinely funds California vehicle loans and that its business activity in California is *significantly larger than any other state* in which Defendant conducts business. Defendant has failed to prove otherwise. Accordingly, Plaintiff's Motion to Remand should be granted.

**III.    Defendant's Removal is Untimely**

Defendant correctly states that the 30–day removal period starts to run only upon defendant's receipt of an "amended pleading, motion, order or other *paper* from which it may *first be ascertained* that the case is ... removable." See 28 *USC* § 1446(b) (*emphasis* added). Defendant then incorrectly argues: 1) that Plaintiff's complaint is uncertain as to whether $75,000.00 is in dispute; and 2) that settlement letters are not relevant evidence of "the amount in controversy."

**A.    Plaintiff's Complaint is not uncertain**

Defendant claims facially apparent from the Complaint that the claims would exceed $75,000.00. Defendant is incorrect. In *Luckett v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F3d 295, the plaintiff's complaint did not set forth the specific amount of damages. Notwithstanding this, the Court found it was "facially apparent" that the claim exceeded $75,000 because of the plaintiff's alleged general damages, pain and suffering, humiliation, and temporary inability to do housework. See *Luckett v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F3d 295, 298.

Similarly, in *White v. FCI USA, Inc.* (5th Cir. 2003) 319 Fed.3d 672, the plaintiff's complaint did not specify how much monetary relief was being sought. It simply sought to recover punitive damages, attorneys' fees, pre judgment interest, court costs, compensatory damages, loss of earnings, and emotional distress. Nevertheless, the Court found that such

-4-

allegations made it facially apparent that the plaintiff's claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages" combined with a claim for attorney fees. *White v. FCI USA, Inc.* (5th Cir. 2003) 319 Fed.3d 672, 674.

The amount in controversy includes punitive damages if (1) they are recoverable as a matter of state law and (2) it cannot be said to a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount.  See *Anthony v. Security Pac. Fin'l Services, Inc.* (7th Cir. 1996) 75 Fed.3d 311, 315; *Watson v. Blankinship* (10th Cir. 1994) 20 Fed.3d 383, 386–387; *St. Paul Reinsurance Co., Ltd. v. Greenburg* (5th Cir. 1998) 134 Fed.3d 1250, 1253–1254.  If attorney fees are recoverable by plaintiff (by statute or contract), the fee claim is included in determining the amount in controversy, regardless whether the fee award is mandatory or discretionary.  See *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 Fed.3d 1150, 1155–1156; *Morrison v. Allstate Indem. Co.* (11th Cir. 2000) 228 Fed.3d 1255, 1265.  In this case, Plaintiff seeks to recover attorneys fees, costs, and punitive damages pursuant to state law (*Civil Code* § 1780).  Hence, each of these factors should have been considered by Defendant when reviewing Plaintiff's Complaint.

Plaintiff's complaint seeks the following relief: 1) rescission of a contract worth $43,615.92; 2) recovery of punitive damages; 3) recovery of attorney's fees and costs; 4) recovery of pre-judgment interest; 5) a civil penalty via *Cal. Civil Code* § 1780; and 5) injunctive relief.  Rescission of a $43,615.92 contract and punitive damages obviously total an amount greater than $75,000.00.  When one considers that attorneys fees and costs are being sought, the facts pled in the Complaint make it evidence that over $75,000.00 is being disputed by the parties.

///

Plaintiff's Reply to Defendant's Opposition to Remand, Case #: CV 08 1004 JSW

1

**B.**    <u>**Settlement letters are relevant evidence of the amount in controversy**</u>

2

3    Assuming the Court does find Plaintiff's complaint too uncertain with respect to the

4    amount in controversy; Defendant's removal is still untimely.  Indeed, even where the amount in

5    controversy cannot be determined by the initial pleading the removal period commences when a

6    defendant is able "to intelligently ascertain" that plaintiff's claim exceeds $75,000 as the result of

7    a voluntary act on plaintiff's part. See *Huffman v. Saul Holdings Ltd. Partnership* (10th Cir. 1999)

8    194 Fed. 3d 1072, 1078.  This is the standard the Court must hold Defendant to.

9

10    Defendant goes to great lengths to lead the Court into believing that nothing but a

11    formally filed pleading qualifies as a "paper" which will permit it to "intelligently ascertain"

12    what the amount in controversy is.  This argument defies common sense, the plain meaning of 28

13    *USC* § 1446(b), and applicable case law.  Even the *Rutter Group* treatise cited by Defendant

14    explains that, "courts view the 'other paper' language *expansively* so that the <u>30–day removal</u>

15    <u>period is triggered even by **'papers' not filed in the case**</u>. See *The Rutter Group, Federal Civil*

16    *Procedure Before Trial,* § 2:915 (citing to *S.W.S. Erectors, Inc. v. Infax, Inc.* (5th Cir. 1996) 72

17    Fed.3d 489, 494; *Huffman v. Saul Holdings Ltd. Partnership* (10th Cir. 1999) 194 Fed.3d 1072,

18    1078; *Green v. R.J. Reynolds Tobacco Co.* (5th Cir. 2001) 274 Fed.3d 263, 268).  Indeed, that

19    same practice guide advises parties such as Defendant that it is "generally advised to remove

20    within 30 days of receiving information (on "paper" or not) disclosing a reasonable basis for

21    believing the case is removable."  See *The Rutter Group, Federal Civil Procedure Before Trial,*

22    § 2:916.

23    Hence, despite Defendant's argument to the contrary, the correct rule of law is that <u>**a**</u>

24    <u>**settlement demand is relevant evidence of the amount in controversy**</u> when determining if a

25    Defendant's removal is timely.  See *Cohn v. Pet-smart, Inc.* (9th Cir. 2002) 281 Fed.3d 837, 840;

26    see also *Addo v. Globe Life & Acc. Ins. Co.* (5th Cir. 2000) 230 Fed.3d 759, 761 [post-complaint

27    letter from plaintiff's attorney, offering to settle action for more than $75,000, gave notice that

28    action was removable].

-6-

In this case, Defendant knew the amount in controversy would exceed $75,000.00 when it received the Complaint. Assuming it had doubts, however, Defendant most certainly knew what the amount in controversy was after receiving Plaintiff's 11/21/07 letter itemizing a demand of $247,885.70. Defendant had 30 days from 11/21/07 to remove this action; it failed to do so. As such, Plaintiff's Motion to Remand the matter back to State Court should be granted.

**IV.     This Court Should Sanction Defendant for its Attempt to Improperly Remove the Dispute**

Defendant's **only** basis to remove this matter is its supposed "Ohio citizenship" and Diversity Jurisdiction. Defendant, however, is fully aware that this fact alone does not establish complete diversity. Defendant has failed to produce any evidence to support that diversity exists.

More importantly, Defendant knew the amount in controversy exceeded $75,000.00 last year. Defendant also knew it had to remove the action, if at all, no later than 30 days after being served with Plaintiff's Complaint. It failed to do so, and is doing so now in an attempt to increase the costs of this litigation (i.e., it hopes Plaintiff will run out of money, dismiss the case, and keep making payments on a vehicle which Defendant cannot provide title to). Plaintiffs ask the Court to send a message to Defendant that such conduct will not be tolerated. Specifically, Plaintiffs seek to recover $6,000.00 in attorneys' fees and costs.

With respect to George Weickhardt's assertion that an hourly rate of $300.00 is unreasonable for William Blasser's services, he is incorrect. Mr. Blasser has been practicing law since 11/26/2004. He has significant litigation and appellate experience, and is a specialist in this area of consumer litigation (i.e., automobile dealer fraud, lender liability, etc.). He has been retained by **automobile dealers and consumers**. Indeed, Mr. Blasser has twice made appellate law in this specialty (obtaining favorable results for his client on both occasions). See

-7-

*Declaration of William Blasser*; see also *Hart v. Autowest Dodge* (2007) 147 Cal.App.4th 1258;

*Manahan v. Hayward Dodge, Inc.* Not Reported in Cal.Rptr.3d, 2007 WL 1556085.

## VI.     Defendant's Refusal to Meet & Confer & Conclusion

Defendant's attorney, George G. Weickhardt, claims that Plaintiff's counsel did not

meet and confer "with me or anyone at my firm prior to filing the present motion to give my

firm at least the opportunity of consenting to remand."  **Nothing could be further from the**

**truth**.  Plaintiff's counsel made no less than three phone calls to Defendant's firm and left

messages for Pamela J. Zanger to call him back to discuss the issues concerning their attempt

to remove this case.  **Ms. Zanger has yet to return a single phone call**.  See *Declaration of*

*William N. Blasser*.

For the reasons stated above, Plaintiff asks that her motion be granted in its entirety.

The matter should be remanded back to California State Court (County of Contra Costa), and

Defendant should pay all of Plaintiff's costs, including attorney's fees, associated with its

attempt to improperly remove the action.


Dated: April 10, 2008

LAW OFFICE OF PARVIZ DARABI

/s/ William N. Blasser, Esq.
_____
Parviz Darabi, Esq.
William N. Blasser, Esq.
Attorneys for Plaintiff

PARVIZ DARABI, SBN 209021
WILLIAM N. BLASSER, SBN 232291
**LAW OFFICES OF PARVIZ DARABI**
500 Airport Blvd., Suite 100
Burlingame, CA 94010
Telephone:  (650) 343-5357
Facsimile:  (650) 343-5391

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANALI AMBRIZ, an individual, | )    CASE  NO:   CV 08 1004 JSW |
| Plaintiff | ) SUPPLEMENTAL DECLARATION OF |
| v. | ) WILLIAM N. BLASSER, ESQ. IN SUPPORT OF<br>) PLAINTIFF, ANALI AMBRIZ'S MOTION TO<br>) REMAND THIS MATTER TO CALIFORNIA |
| LUXURY IMPORTS OF SACRAMENTO,<br>INC., dba SUZUKI OF SACRAMENTO;<br>JPMORGAN CHASE BANK, a New York<br>Corporation dba CHASE AUTO FINANCE,<br>and DOES 1 through 100, inclusive, | ) STATE COURT, COUNTY OF CONTRA<br>) COSTA<br>)<br>) Date: May 9, 2008<br>) Time: 9:00 a.m.<br>) Judge: Hon. Jeffrey S. White |
| Defendants. | )<br>) |

I, William N. Blasser, declare:

I am one of the attorneys representing Plaintiff, Anali Ambriz, in this action. I have personal

knowledge of each fact stated in this declaration.

1.      I spent two hours reviewing and analyzing Defendant's opposition to our Motion to

remand and six hours preparing this reply.  I anticipate I will spend two hours to prepare

for oral argument and attend any hearing.

-1-

2.    My hourly rate is $300.00. I have been practicing law since November 2004.  During that time, I have specialized in the area of consumer law in the area of retail automotive sales. Specifically, I have been retained by both Plaintiffs and Automobile Dealers to prosecute and defend civil litigation where a consumer claims to have been defrauded and/or claims that an Automobile Dealer has violated California Consumer Protection statutes.  I have significant trial and appellate experience with this area of the law.

3.    While representing Automobile Dealers, I obtained two successful appellate decisions. One decision, *Hart v. Autowest Dodge* (2007) 147 Cal.App.4th 1258, was published and clarified the application of *Civil Code* § 2988.9.  The other case, *Manahan v. Hayward Dodge, Inc.* 2007 WL 1556085, was not published; it dealt with whether the doctrine of substantial compliance applies to certain provisions of the Rees Levering Automobile Sales Finance Act and a prevailing Defendant's right to recover attorneys' fees from a plaintiff-consumer.

4.    On April 22, 2008 I will be one of three featured speakers for an Auto Fraud pro bono training seminar.  The seminar lasts two hours and is being presented by the Orange County Bar Association and the Orange County Public Law Center.  Attorneys who attend this seminar will earn 2.0 CLE credits.

5.    Attached to this motion as Exhibit A is the *Hart v. Autowest Dodge* (2007) 147 Cal.App.4th 1258 case.

6.    Attached to this motion as Exhibit B is the *Manahan v. Hayward Dodge, Inc.* case.  I do not submit this to the Court as binding legal authority, but rather to demonstrate my credentials and to justify by hourly rate.

-2-

7.      I read Mr. Weickhardt's declaration stating that our office did not attempt to meet and confer with his office before filing our Motion to Remand. This is completely untrue. I called Mr. Weickhart's office at least three times prior to filing the motion, and left messages with his associate Pamela Zanger. Ms. Zanger's name appears on the pleadings and correspondence in this case. Each time I called Defense counsel's office I asked to speak with Mr. Weickhardt on this matter…I was told he was unavailable. I then asked to speak to Ms. Zanger…she was unavailable. On each occasion, I was eventually placed into Ms. Zanger's voice mail box. I left three messages, and in all three messages I requested that she contact my office so we could discuss their attempt to remove this matter into Federal Court. I specifically stated in the message that I did not think there was complete diversity; I also stated that it was too late to remove the matter. To date, I have yet to receive a return phone call from anyone at Defense counsel's firm.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE: April 10, 2008

/s/ William N. Blasser, Esq.

_____

WILLIAM N. BLASSER, ESQ.

Supplemental Decl. of William Blasser in Support of Plaintiff's Motion to Remand, Case #: CV 08 1004 JSW

**Westlaw Delivery Summary Report for KARPOUZIS,GEORGE 5743802**

| | |
|---|---|
| Your Search: | "Hart v. Autowest Dodge" |
| Date/Time of Request: | Thursday, April 10, 2008 13:20 Central |
| Client Identifier: | GEORGE KARPOUZIS |
| Database: | CA-CSR |
| Citation Text: | 147 Cal.App.4th 1258 |
| Lines: | 271 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

147 Cal.App.4th 1258                    FOR EDUCATIONAL USE ONLY                    Page 1
147 Cal.App.4th 1258, 55 Cal.Rptr.3d 249, 07 Cal. Daily Op. Serv. 2042
**(Cite as: 147 Cal.App.4th 1258, 55 Cal.Rptr.3d 249)**

**C**

**Hart v. Autowest Dodge**
Cal.App. 3 Dist.,2007.

Court of Appeal, Third District, California.
Lisa HART, Plaintiff and Appellant,
v.
AUTOWEST DODGE, Defendant and Respondent.
No. C050384.

Feb. 26, 2007.
Certified for Partial Publication FN*

> FN* Pursuant to California Rules of Court,
> rule 8.1110, this opinion is certified for
> publication with the exception of Factual
> and Procedural Background of the Dis-
> missal of Plaintiff's Complaint and part I
> of the Discussion.

**Background:** Automobile lessee brought action
against lessor, alleging violations of Vehicle Leas-
ing Act and Unfair Competition Law. The Superior
Court, Placer County, No. SCV16942, Larry D.
Gaddis, J., dismissed lessee's action with prejudice
and entered order awarding attorney fees to lessor.
Lessee appealed.

**Holding:** The Court of Appeal, Sims, J., held that
lessor was entitled to statutory attorney fees.

Affirmed.

West Headnotes

**[1] Antitrust and Trade Regulation 29T ⟜397**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and
Consumer Protection
        29TIII(E) Enforcement and Remedies
        29TIII(E)7 Relief
            29Tk395 Costs
                29Tk397 k. Attorney Fees. Most
Cited Cases

Following dismissal with prejudice of action by
automobile lessee alleging violations of the Vehicle
Leasing Act and the Unfair Competition Law
against lessor, lessor was entitled to statutory attor-
ney fees; under applicable statute, tender and de-
posit of amount purportedly owed to lessee was not
required, inasmuch as lessor denied all liability on
the complaint and lessor prevailed in the trial court.
West's Ann.Cal.Civ.Code § 2988.9.
See *13 Witkin, Summary of Cal. Law (10th ed.*
*2005) Personal Property, § 194; Cal. Jur. 3d,*
*Leases of Personal Property, § 114.*

**[2] Appeal and Error 30 ⟜893(1)**

30 Appeal and Error
    30XVI Review
        30XVI(F) Trial De Novo
        30k892 Trial De Novo
            30k893 Cases Triable in Appellate
Court
                30k893(1) k. In General. Most
Cited Cases
Appeals concerning interpretation of a statute
present questions of law that the appellate court re-
views de novo.

**[3] Statutes 361 ⟜181(2)**

361 Statutes
    361VI Construction and Operation
        361VI(A) General Rules of Construction
            361k180 Intention of Legislature
            361k181 In General
                361k181(2) k. Effect and Con-
sequences. Most Cited Cases

**Statutes 361 ⟜212.3**

361 Statutes
    361VI Construction and Operation
        361VI(A) General Rules of Construction
            361k212 Presumptions to Aid Construc-
tion
                361k212.3 k. Unjust, Absurd, or Un-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

reasonable Consequences. Most Cited Cases
When uncertainty arises in a question of statutory interpretation, consideration must be given to the consequences that will flow from a particular interpretation; in this regard, it is presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences.

**249 Kinsey Consumer Law Center and Sharon L. Kinsey, Soquel for Plaintiff and Appellant.
Kolar & Associates, Elizabeth L. Kolar and William N. Blasser, Orange, for Defendant and Respondent.

**250 SIMS, J.

*1260 In this action alleging violations of the Vehicle Leasing Act (Civ.Code, § 2985.7 et seq. (VLA)) FN1 and the Unfair Competition Law (Bus. & Prof.Code, § 17200 et seq. (UCL)), plaintiff Lisa Hart appeals from a judgment dismissing with prejudice her action against defendant Autowest Dodge for lack of evidence and from an order awarding attorney's fees. Plaintiff contends the trial court improperly denied leave to amend her complaint, improperly dismissed her lawsuit under an erroneous fact pleading standard, and improperly awarded attorney's fees under section 2988.9. In an unpublished portion of the opinion, we shall affirm the judgment. In the published portion of the opinion, we affirm the attorney's fees award.

> FN1. Undesignated statutory references are to the Civil Code.

FACTUAL AND PROCEDURAL BACKGROUND OF THE DISMISSAL OF PLAINTIFF'S COMPLAINT FN**

> FN** See footnote *, ante.

DISCUSSION

I. *Appeal from Judgment* FN***

> FN*** See footnote *, ante.

*1261 II. *Appeal from Order Re: Attorney's Fees*

[1] After the trial court dismissed plaintiff's complaint with prejudice on the first day of trial, for lack of evidence, defendant filed a motion for attorney's fees pursuant to section 2988.9 (which we quote *post* ). Defendant alleged that defendant was the prevailing party in an action on a contract subject to the VLA, that defendant alleged in its amended answer that it tendered to plaintiff, in an offer to compromise (Code Civ. Proc., § 998), the full amount to which she was entitled ($1,500) and deposited that amount with the court on June 25, 2004, and plaintiff failed to obtain a judgment more favorable than defendant's offer to compromise.

Plaintiff opposed the motion, arguing section 2988.9 calls for attorney's fees only when the tender and deposit alleged in the defendant's answer to the complaint "is found to be true," and here there was no such finding before entry of judgment, and it was too late to make such a finding after judgment was entered.

On August 24, 2005, the trial court granted defendant's motion for attorney's fees and awarded the amount of $45,436.50. The court also granted in part plaintiff's motion to tax costs (which is not at issue on appeal). On October 28, 2005, plaintiff filed a timely notice of appeal from the order regarding attorney's fees and costs.

Plaintiff contends the trial court's award of attorney's fees to defendant was improper because defendant did not make a proper tender, did not allege proper tender in its initial answer to the complaint, and the trial court did not make requisite findings of tender and deposit to support an award of attorney's fees under section 2988.9. We shall affirm the award. (§ 2988.9.)

[2] Both sides agree this appeal concerns interpretation of the statute, which presents a question of law which we review de novo. (*Trinkle v. Stroh* (1997) 60 Cal.App.4th 771, 777, 70 Cal.Rptr.2d 661.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Section 2988.9 provides: "Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a lease contract subject to the provisions of this chapter regardless of whether the action is instituted by the lessor, assignee, or lessee. Where the defendant alleges in his or her answer that he or she tendered to **251 the plaintiff the full amount to which he or she was entitled, and thereupon deposits in court, for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be the prevailing party within the meaning of this section."(§ 2988.9.)

Both sides misconstrue the statute. They believe section 2988.9 authorizes attorney's fees only when the defendant has tendered and deposited in court *1262 the amount to which the plaintiff is entitled. Defendant adopted that view in its motion but argued it complied with the tender and deposit requirements.

However, both sides are wrong. The second sentence of the statute does not require tender and deposit as prerequisites for an attorney's fees award in addition to the "prevailing party" requirement of the statute's first sentence. Rather, the second sentence of the statute merely describes one way in which a defendant will be declared a "prevailing party," i.e., where a defendant who concedes owing money but disputes the amount, tenders and deposits the amount to which the plaintiff is entitled, and the allegation (that this is the full amount to which the plaintiff is entitled) is found to be true by the court. It would be nonsensical to require a defendant who has done nothing wrong to tender, deposit, and prove an amount to which plaintiff is "entitled" in order to recover attorney's fees.

[3] "When uncertainty arises in a question of statutory interpretation, consideration must be given to the consequences that will flow from a particular interpretation. [Citation.] In this regard, it is presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences. [Citation.]" (*Harris v. Capital*

*Growth Investors XIV* (1991) 52 Cal.3d 1142, 1165-1166, 278 Cal.Rptr. 614, 805 P.2d 873.)

Defendant here appears to have conflated section 2988.9 with an offer to compromise under Code of Civil Procedure section 998, and defendant apparently deposited in court the amount it offered to settle the suit. However, an offer to settle does not acknowledge liability, whereas section 2988.9 requires tender and deposit of the amount to which the plaintiff is "entitled."

Plaintiff cites no authority supporting her interpretation of the statute. In the main case cited by plaintiff *Joseph Magnin Co. v. Schmidt* (1978) 152 Cal.Rptr. 523, 89 Cal.App.3d Supp. 7 (a nonbinding opinion of a trial court's appellate division involving a similarly-worded statute)-a department store sued a customer for money due on a retail installment contract. The customer paid the amount due after the complaint was filed but before she filed an answer. Consequently, a judgment that plaintiff take nothing was rendered in favor of the customer. (*Id.* at pp. Supp. 8-9.) The trial court rejected the store's argument that it was the prevailing party and therefore entitled to attorney's fees under section 1811.1.[FN19] The trial court's appellate *1263 division reversed, with directions **252 to award attorney's fees to the store, holding that in order to come within section 1811.1, which deems a defendant who tenders the amount due on a contract to be the prevailing party, the tender must be made before the litigation commences. (*Id.* at pp. Supp. 10-13.) Thus, the purpose of the statutory language is clear; it prevents a defendant (who admittedly owes money) from making the plaintiff spend money on attorney's fees before getting paid, yet it allows the defendant who tries to do the right thing to recover attorney's fees if the plaintiff refuses the money and the defendant meets the statutory requirements of tender and deposit.

  FN19. In language almost identical to the statute at issue in this appeal, section 1811.1 provides with respect to retail installment accounts that "[r]easonable attor-

ney's fees and costs shall be awarded to the prevailing party in any action on a contract or installment account subject to the provisions of this chapter regardless of whether such action is instituted by the seller, holder or buyer. Where the defendant alleges in his answer that he tendered to the plaintiff the full amount to which he was entitled, and thereupon deposits in court, for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be a prevailing party within the meaning of this article."(§ 1811.1.)

Plaintiff cites *LaChapelle, supra,* 102 Cal.App.4th 977 at page 994, 126 Cal.Rptr.2d 32, for the proposition that courts routinely follow interpretations of section 1811.1 when interpreting the identical language of section 2988.9. However, *LaChapelle* did not interpret (or even discuss) the "tender and deposit" part of section 2988.9. There, an automobile lessee sued the agency that financed the lease and the credit corporation to which the lease was assigned, alleging VLA violations. (*LaChapelle* at pp. 980-981, 126 Cal.Rptr.2d 32.) The trial court granted summary judgment to the defendants and awarded them attorney's fees. The appellate court affirmed the judgment and affirmed the order awarding attorney's fees. *LaChapelle* quoted only the first sentence of section 2988.9-that the prevailing party in a VLA case shall be awarded attorney's fees. (*LaChapelle* at p. 992, 126 Cal.Rptr.2d 32.) *LaChapelle* rejected the plaintiff's argument that, because another VLA provision imposes liability for attorney's fees on lessors who fail to comply with certain VLA requirements, section 2988.9 must be limited to VLA actions brought for some reason other than violation of the VLA's disclosure requirements. (*LaChapelle* at p. 993, 126 Cal.Rptr.2d 32.) The court noted that, while section 2988.9 makes it financially feasible for consumers to bring suit, it appeared the Legislature also sought to discourage unwarranted suits by authorizing in section 2988.9 awards in favor of prevailing lessors

and assignees. (*LaChapelle* at p. 993, 126 Cal.Rptr.2d 32.) *LaChapelle* also said, "language such as that employed in ...section 2988.9 has been interpreted as applying to any and all actions where the subject matter involves a contract subject to the provisions of the consumer protection legislation at issue. [Citations to cases including a case citing similar language in section 1811.1.] In light of the broad interpretation traditionally given such language, and the fact that the Legislature, presumably aware of this interpretation, did not alter it in enacting ...section 2988.9, it cannot be presumed that section 2988.9 was intended to have only the limited application asserted by appellant. We conclude, therefore, that section 2988.9 authorizes an award of fees to the **1264** prevailing party in any type of action in which the subject matter involves a contract subject to the provisions of the VLA."(*LaChapelle* at pp. 993-994, 126 Cal.Rptr.2d 32.)

Thus, *LaChapelle, supra,* 102 Cal.App.4th 977, 126 Cal.Rptr.2d 32, does not assist plaintiff in this appeal.

Plaintiff argues consumer protection laws protect consumers, and we should therefore interpret in the consumer's favor a consumer protection statute that authorizes a defendant to recover fees. Plaintiff says that in another context, section 1794, subdivision (d), limits recovery under the Act to buyers. However, plaintiff did not read the whole Act. Section 1794 is all about actions by buyers. Section 1794.1, which addresses actions by retail sellers, in fact authorizes awards of attorney's fees for retail sellers.

**253** Plaintiff also cites *Corbett v. Hayward Dodge* (2004) 119 Cal.App.4th 915, 924, 14 Cal.Rptr.3d 741, which said a defendant must show the plaintiff prosecuted a case in subjective bad faith where the statute authorized the defendant to recover attorney's fees if the plaintiff's claims were not in good faith. Here, in contrast, protection of consumers is not the sole purpose of section 2988.9, which expressly authorizes awards in favor

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:08-cv-01004-JSW    Document 13-3    Filed 04/10/2008    Page 6 of 6

of lessors, without requiring proof of bad faith by the plaintiff. As stated in *LaChapelle,* the Legislature, by authorizing attorney's fees awards in favor of lessors under section 2988.9, also sought to discourage unwarranted lawsuits, such as this one. (*LaChapelle, supra,* 102 Cal.App.4th at p. 993, 126 Cal.Rptr.2d 32.)

Thus, plaintiff cites no authority supporting her view that section 2988.9 makes "tender and deposit" a prerequisite for an award of attorney's fees.

It is apparent to us that the second sentence of section 2988.9 obviously does not apply where, as here, the defendant denies all liability on the complaint (i.e., that plaintiff is not entitled to anything), and the judgment awards the plaintiff no relief. In such a case, the defendant is clearly the prevailing party in the VLA action. That is the case here.

We conclude tender and deposit is not required where the defendant denies any liability and prevails in the trial court. We therefore need not address the parties' arguments about whether the tender must be alleged in the original answer, or whether the trial court was required to make an express finding as to whether defendant tendered the entire amount to which plaintiff was entitled.

We conclude the trial court properly granted defendant's motion for attorney's fees. Plaintiff does not challenge the amount of the award.

**\*1265** In the absence of a request by defendant, we decline to consider whether defendant should get attorney's fees for defending against the appeal from the judgment or from the order awarding attorney's fees. Certainly, defendant should not recover attorney's fees for defending against the appeal from the attorney's fees order, because defendant's respondent's brief was not useful to us.

## DISPOSITION

The judgment is affirmed. The order granting attorney's fees is affirmed. Defendant shall recover its costs on appeal. (Cal. Rules of Court, rule 8.276(a)(1).)

BLEASE, Acting P.J., and MORRISON, J., concur.
Cal.App. 3 Dist.,2007.
Hart v. Autowest Dodge
147 Cal.App.4th 1258, 55 Cal.Rptr.3d 249, 07 Cal. Daily Op. Serv. 2042

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw Delivery Summary Report for KARPOUZIS,GEORGE 5743802**

Your Search:                          "Manahan "
Date/Time of Request:                 Thursday, April 10, 2008 13:18 Central
Client Identifier:                    GEORGE KARPOUZIS
Database:                             CA-CSU
Citation Text:                        Not Reported in Cal.Rptr.3d
Lines:                                307
Documents:                            1
Images:                               0

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Not Reported in Cal.Rptr.3d          FOR EDUCATIONAL USE ONLY                          Page 1
Not Reported in Cal.Rptr.3d, 2007 WL 1556085 (Cal.App. 1 Dist.)
(Cite as: Not Reported in Cal.Rptr.3d, 2007 WL 1556085)

►**Manahan** v. Hayward Dodge, Inc.
Cal.App. 1 Dist.,2007.
Only the Westlaw citation is currently available.

California Rules of Court, rule 8.1115, restricts citation of unpublished opinions in California courts.

Court of Appeal, First District, Division 1, California.
Alessandro **MANAHAN**, Plaintiff and Respondent,
v.
HAYWARD DODGE, INC., et al., Defendants and Appellants.
No. A115051.
(San Francisco County Super. Ct. No. CGC-03-426028).

May 30, 2007.

G. Darrell Berglund, Half Moon Bay, CA, for Plaintiff and Respondent.
William N. Blasser, Kolar & Associates, Santa Ana, CA, for Defendants and Appellants.
SWAGER, J.

**\*1** Appellants Hayward Dodge, Inc., Triad Financial Corporation (Triad), and AutoNation, Inc. (appellants) appeal the trial court's order finding respondent to be the prevailing party and awarding him attorney fees and costs. We reverse.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 7, 2002, respondent purchased a used 2001 Hyundai XG300L truck from appellant Hayward Dodge. Over two years later, on January 7, 2005, respondent's attorney sent Hayward Dodge a demand letter under the Consumers Legal Remedies Act (Civ.Code, § 1750 et seq.), accusing it of having committed several statutory violations in connection respondent's purchase of the vehicle. The letter demanded that Hayward Dodge refund respondent's money and take the vehicle back. The record reflects that before appellant attempted to return the Hyundai, he was involved in an accident that resulted in $10,000 worth of damage to the vehicle.

On March 22, 2005, respondent filed his third amended complaint against appellants, alleging eight causes of action, including common law fraud claims as well as claims involving alleged statutory violations. The fraud claims were submitted to a jury, which found against respondent. The statutory claims were tried by the court.

In its statement of decision filed January 9, 2006, the trial court found that appellants Hayward Dodge and Triad had violated the disclosure requirements of the Rees-Levering Automobile Sales Finance Act (Civ.Code, § 2981 et seq.) (ASFA), by failing to itemize the amount respondent paid for a short-term insurance premium.[FN1] The court determined that this failure constituted a violation of the unfair competition law (Bus. & Prof.Code, § 17200 et seq.) (UCL). The court found against respondent on all of his remaining alleged statutory violations, and also determined that he failed to meet his burden of proof in attempting to pierce the corporate veil to render AutoNation liable for Hayward Dodge's violation of the ASFA.

> FN1.Civil Code section 2982, subdivision (a)(3), provides: "The contract shall contain the following disclosures, as applicable, which shall be labeled 'itemization of the amount financed:' [¶] ... [¶] The aggregate amount of premiums agreed, upon execution of the contract, to be paid for policies of insurance included in the contract, excluding the amount of any insurance premium included in the finance charge."

The trial court determined that the only remedy sought by respondent under the ASFA was rescission of the sales contract, which the court declined to order. The court ordered restitution for the violation of the ASFA in the amount of the $359 insurance premium plus $30.52 in tax (plus prejudgment interest at the rate of 10 percent). The court's statement of decision indicates that this amount was awarded pursuant to the UCL, not the ASFA. Judgment was entered against appellants Hayward Dodge and Triad only.

Subsequently, the court denied appellants' motion for attorney fees, on the grounds that they did not prove

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.3d                    FOR EDUCATIONAL USE ONLY                                    Page 2
Not Reported in Cal.Rptr.3d, 2007 WL 1556085 (Cal.App. 1 Dist.)
**(Cite as: Not Reported in Cal.Rptr.3d, 2007 WL 1556085)**

they were the prevailing parties. The court justified its ruling by its finding that they did not allege in their amended answer that they had tendered the full amount to which the plaintiff was entitled, as set forth in the ASFA's attorney fee provision. (Civ.Code, § 2983.4, hereafter section 2983.4.)

Because he succeeded on his claim regarding the failure to itemize the insurance payment, the court found respondent to be the prevailing party. The court described the portion of his case on which he prevailed as a "a very simple case" involving no more than 50 hours of attorney time, which the court characterized as a "somewhat generous" estimate. The court awarded an additional 15 hours for posttrial work. The fee rate was set at $150 per hour, for a total of $9,750.00.[FN2] Additionally, costs were awarded in the amount stated in respondent's cost bill. This appeal followed.

> FN2. In his memorandum of costs filed on January 24, 2006, respondent requested $281,594.26 in attorney fees.

## DISCUSSION[FN3]

> FN3. Our review is severely constrained by the paucity of the record provided to us and by the nature of respondent's brief which includes no citations to the record and few citations to primary legal authority. The California Rules of Court provide that "Each brief must [¶] ... [¶] [s]upport any reference to a matter in the record by a citation to the volume and page number of the record...." (Rule 8.204(a)(1)(C).) "It is not the task of the reviewing court to search the record for evidence that supports the party's statement; it is for the party to cite the court to those references. Upon the party's failure to do so, the appellate court need not consider or may disregard the matter."(*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1.) Respondent's claims that appellants refused to let him borrow a copy of the record, and that he had insufficient resources to obtain his own copy, are not well-taken. There are procedures by which indigent litigants may proceed to acquire a copy of the record (see Cal. Rules of Court, rule 8.120(c)(3)).

## I. Standard of Review

**\*2** "While entitlement and amount of an attorney fee award is reviewed for abuse of discretion, the legal question of the interpretation of 'prevailing party' under the ... ASFA is a question of statutory construction that we review independently."(*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 149.)

## II. Statutory Basis for Attorney Fees Award

Appellants correctly note that attorney fees and costs are not generally recoverable under the UCL.[FN4] They point out that the trial court determined respondent did not prevail on his cause of action for violation of the ASFA and that his sole award of restitution for the insurance premium was made pursuant to the UCL only. They claim that the trial court thus erred in awarding respondent his attorney fees and costs because the fee award is not authorized by the UCL.

> FN4. While not relevant to our analysis of this case, we note that a plaintiff who prevails on a UCL claim may seek attorney fees as a private attorney general under Code of Civil Procedure section 1021.5.

"The unfair competition law is independent of the Unfair Practices Act and other laws. Its remedies are 'cumulative ... to the remedies or penalties available under all other laws of this state' [citation], but its sanctions are less severe than those of the Unfair Practices Act. Prevailing plaintiffs are generally limited to injunctive relief and restitution. [Citations.] Plaintiffs may not receive damages ... or attorney fees."(*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 179.)

Additional statutory schemes are often invoked in cases brought under the UCL. "A business practice is 'unlawful' if it is 'forbidden by law.' [Citations.] The unfair competition law thus creates an independent action when a business practice violates some other law."(*Walker v. Countrywide Home Loans, Inc.* (2002) 98 Cal.App.4th 1158, 1169-1170.) "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition

Not Reported in Cal.Rptr.3d                FOR EDUCATIONAL USE ONLY                                    Page 3
Not Reported in Cal.Rptr.3d, 2007 WL 1556085 (Cal.App. 1 Dist.)
**(Cite as: Not Reported in Cal.Rptr.3d, 2007 WL 1556085)**

law makes independently actionable. [Citations.]" (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., supra,* 20 Cal.4th 163, 180.)

In contrast to the UCL, attorney fees are recoverable under the ASFA and they are equally available to prevailing sellers as well as to prevailing buyers.Section 2983.4 of that act provides, in part: "Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a contract or purchase order subject to the provisions of this chapter regardless of whether the action is instituted by the seller, holder or buyer."

During the hearing on the parties' motions for attorney fees, the trial court reiterated its belief that the only remedy respondent had sought under the ASFA was rescission. The court further observed that respondent's overlapping UCL claim would not entitle him to attorney fees. The court concluded that respondent did not get remedies under the ASFA "because the only remedy [he] sought under that act was rescission, [to] which [the court] determined [he wasn't] entitled.... So [he] actually got the remedy under [the UCL] which doesn't provide for [attorney] fees...." The trial court's statements foreshadow our ruling in this case.

### A. Respondent is Not Entitled to Attorney Fees

**\*3** We agree with the trial court that respondent did not receive a remedy under the ASFA. Civil Code section 2983 provides, in part: "If the seller, *except as the result of an accidental or bona fide error in computation,* violates any provision of Section 2981.9 or of subdivision (a), (j), or (k) of Section 2982, the conditional sale contract shall not be enforceable, except by a bona fide purchaser, assignee or pledgee for value or until after the violation is corrected as provided in Section 2984, and if the violation is not corrected the buyer may recover from the seller the total amount paid, pursuant to the terms of the contract, by the buyer to the seller or his assignee."(Italics added.)

The trial court concluded that the failure to itemize the insurance premium constituted a "formal, reporting violation rather than a substantive, fraud violation" and that therefore rescission of the entire contract would be "grossly disproportionate" and would give respondent "an unfair windfall, which would go

against the policies of the [ASFA]." The court found that respondent intentionally purchased the insurance policy "for the specific purpose of being able to drive the car away from the dealership [on the date of purchase]. Had he not chosen to buy the insurance [contract], he would not have been able to take the car. He chose to buy the insurance contract, and [a fair and reasonable reading of the record establishes] that he understood that the $359 was included in the down payment amount listed on the contract-raising the previously discussed $2000 down payment ... to $2359.... He did not bind himself to continue that policy in force for any length of time. In fact, he understood that he could replace it-and he did replace it-with his own insurance before the month was up. He was not deceived with respect to the insurance."

Respondent was thus aware that he was paying for the policy. The down payment amount as set forth in the contract reflected the insurance payment. Appellants' sole fault was in failing to itemize this payment separately in the body of the contract, a defect which, under these circumstances, may properly be characterized as "trivial." The trial court did not find anything to suggest that appellants' failure to itemize the insurance premium was the result of any deliberate conduct. While it is undisputed that appellants violated the insurance premium disclosure provision of the ASFA, mere technical violations may not form the basis of a recovery under that act. (*Stasher v. Harger-Haldeman* (1962) 58 Cal.2d 23, 29["[W]hen there is such actual compliance as to all matters of substance then mere technical imperfections of form or variations in mode of expression by the seller ... should not be given the stature of noncompliance and thereby transformed into a windfall for an unscrupulous and designing buyer"].)

Nor did respondent's ASFA claim specifically include a request for restitution of the insurance premium. As part of his prayer for relief with respect to the ASFA, respondent requested "a determination by the court that the Motor Vehicle contract has been rescinded and ordering payment of restitution with interest."He also requested that the court order "such other and further relief as the court deems appropriate under the circumstances."Thus, while respondent's prayer for relief under the ASFA was not necessarily limited to rescission, his request for restitution was conditioned on a rescission. He did not separately request restitution of the insurance premium as a consequence

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.3d                    FOR EDUCATIONAL USE ONLY                                    Page 4
Not Reported in Cal.Rptr.3d, 2007 WL 1556085 (Cal.App. 1 Dist.)
(Cite as: Not Reported in Cal.Rptr.3d, 2007 WL 1556085)

of appellants' failure to itemize the premium in the contract. His general request that the court order "such other and further relief as the court deems appropriate" does not, in our view, apply to the award in this case as the trial court ordered restitution pursuant to respondent's claim under the UCL, not his claim under the ASFA.

**\*4** Moreover, the remedy respondent received does not appear to be one that is authorized under the ASFA. Civil Code section 2983.1 provides, in part: "When a conditional sale contract is not enforceable under Section 2983 or 2983.1, the buyer may elect to retain the motor vehicle and continue the contract in force or may, with reasonable diligence, elect to rescind the contract and return the motor vehicle." There are no provisions in the ASFA for the return of insurance premium payments absent a total rescission of the contract, which did not occur here. In sum, respondent did not prove an actionable violation of the ASFA. Consequently, we believe respondent was not entitled to attorney fees because he did not receive a remedy under that act and because he is not entitled to fees under the UCL.

### B. Appellants are the Prevailing Parties Under the ASFA

Appellants contend that they qualify as prevailing parties under section 2983.4. In full, section 2983.4 provides: "Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a contract or purchase order subject to the provisions of this chapter regardless of whether the action is instituted by the seller, holder or buyer. Where the defendant alleges in his answer that he tendered to the plaintiff the full amount to which he was entitled, and thereupon deposits in court, for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be a prevailing party within the meaning of this section." The trial court found that appellants did not qualify as prevailing parties under this section because they did not tender an amount prior to filing their answer and did not immediately file their deposit with the court.

Appellants' memorandum of points and authorities filed in the court below in connection with their motion for attorney fees and costs states that they previously alleged as their 21st affirmative defense that they tendered to respondent the full amount to

which he was entitled. It also avers that they subsequently deposited $2,500 with the court, citing to "Defendant's Notice of Posting Bond."

Neither appellants' answer containing this affirmative defense nor the notice of posting bond are to be found in the record on appeal submitted to this court.[FN5] Apart from a notation in the register of actions, the only other evidence that we have found in the record indicating that a bond was posted is a letter from appellants' counsel to respondent dated February 4, 2005, which is attached to respondent's amended complaint as an exhibit. The register of actions does not indicate for what purpose the bond was deposited.

> FN5. Appellants' memorandum filed with the court below, and included in the record, states that they attached their notice of posting bond as an exhibit thereto. This exhibit is not included in the clerk's transcript submitted to this court.

The lack of a complete record, however, does not doom this appeal. It is not necessary for a defendant to make a tender and deposit in order to recover attorney fees if the defendant prevails on an ASFA claim. In a recent case involving a similarly worded provision found in the Vehicle Leasing Act (Civ.Code, § 2985.7 et seq.), the Third District Court of Appeal observed: "The second sentence of the statute does not require tender and deposit as prerequisites for an attorney fees award in addition to the 'prevailing party' requirement of the statute's first sentence. Rather, the second sentence of the statute merely describes one way in which a defendant will be declared a 'prevailing party,' i.e., where a defendant who concedes owing money but disputes the amount, tenders and deposits the amount to which the plaintiff is entitled, and the allegation (that this is the full amount to which the plaintiff is entitled) is found to be true by the court. It would be nonsensical to require a defendant who has done nothing wrong to tender, deposit, and prove an amount to which plaintiff is 'entitled' in order to recover attorney fees."(Hart v. Autowest Dodge (2007) 147 Cal.App.4th 1258, 1262.)

**\*5** Appellants must be deemed the prevailing parties within the meaning of section 2983.4 because respondent did not succeed in his claim under the ASFA and received no remedy under that act. Respondent's only nominal remedy was under the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UCL, a statutory scheme that does not allow for the recovery of attorney fees. As appellants are the prevailing parties under the ASFA, whether they made a valid tender and deposit pursuant to the second sentence of section 2983.4 is irrelevant.

Nor does an award of attorney fees to appellants appear to be inconsistent with the purpose of the ASFA. In construing the Vehicle Leasing Act's attorney fees provision, appellate courts have observed that it applies equally to defendants: "It appears ... that the Legislature also sought to discourage unwarranted suits by authorizing awards in favor of prevailing lessors and assignees."(*LaChapelle v. Toyota Motor Credit Corp.* (2002) 102 Cal.App.4th 977, 993.)As we find that the trial court's order must be reversed it is unnecessary for us to consider appellants' remaining arguments.

### DISPOSITION

The order is reversed.

We concur: MARCHIANO, P.J., and STEIN, J.
Cal.App. 1 Dist.,2007.
Manahan v. Hayward Dodge, Inc.
Not Reported in Cal.Rptr.3d, 2007 WL 1556085 (Cal.App. 1 Dist.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.