IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANALI AMBRIZ,<br><br>    Plaintiff,<br><br>  v.<br><br>LUXURY IMPORTS OF SACRAMENTO INC., dba SUZUKI OF SACRAMENTO, et al.<br><br>    Defendants.<br>_____/ | No. C 08-01004 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Now before the Court is motion to remand filed by plaintiff Anali Ambriz ("Plaintiff"). This motion is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for May 9, 2008 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiff's motion to remand.

**BACKGROUND**

Plaintiff originally filed this action in Contra Costa Superior Court on November 13, 2007, asserting state law claims against defendant Luxury Imports of Sacramento, Inc. dba Suzuki of Sacramento ("Luxury Imports") and defendant JPMorgan Chase Bank, N.A. ("Chase"). ("Notice of Removal, Ex. A.) In his complaint, Plaintiff seeks rescission of a contract to purchase a car for $43, 615.92, civil penalties pursuant to California Civil Code §

1780, prejudgement interest, and punitive damages and attorneys fees of unspecified amounts. (*Id.*) On November 21, 2007, Plaintiff voluntarily dismissed Luxury Imports. (*Id.*, Ex. C.).

On November 21, 2007, Plaintiff also sent Chase a demand letter itemizing her settlement offer for $247,885,70, which included $49,577.14 in compensatory damages and $198,308.56 in punitive damages. (Attached as Ex. 1 to Mot.) On February 11, 2008, Chase received Plaintiff's responses to interrogatories, stating that Plaintiff claimed damages totaling $287,889.95. (Notice of Removal, Ex. E.) Although the amounts differed slightly, Plaintiff's itemization of compensatory and punitive damages in response to Chase's interrogatory practically mirrored the itemization Plaintiff provided in the demand letter. (*Compare* Mot., Ex. 1 *with* Notice of Removal, Ex. E.) Chase filed its notice of removal on February 19, 2008.

## ANALYSIS

### A. Legal Standards Relevant to Removal Jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

In order to remove on the basis of diversity jurisdiction, the action may be removed only if no defendant is a citizen of the same state as any plaintiff and "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. 1332(a)(1). Pursuant to 28 U.S.C. § 1446 "The notice of removal of a civil action or proceeding shall be filed within thirty days, by the

receipt of the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief ...." The thirty-day period for filing a notice of removal is triggered when the defendant first receives formal service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999). However, in a diversity case, if the initial pleadings do not indicate that federal diversity jurisdiction is available, the removal period does not begin until the defendant receives additional papers indicating that the case is removable. *See* 28 U.S.C. § 1446(b) (providing that the removal period starts to run when the defendant receives a "paper from which it may first be ascertained that the case is . . . removable."). If the initial pleadings provide some indication that removal is available, it is generally held that the defendant has an obligation to determine whether or not federal jurisdiction in fact exists. In such a situation, the removal period begins as soon as the defendant receives a paper containing a clue that removal may be available. *Kaneshiro v. North American Co. for Life & Health Ins.*, 496 F. Supp. 452, 460 (D. Haw. 1980) (citing *Grigg v. Southern Pac. Co.* 246 F.2d 613 (9th Cir. 1957)).

### B.  Chase Has Not Met Its Burden to Demonstrate Removal Was Timely.

Chase argues that Plaintiff's settlement demand letter does not constitute an "other paper" under 28 U.S.C. § 1446(b) to trigger thirty-day removal period. According to Chase, only papers filed in court may constitute an "other paper." However, the Ninth Circuit has rejected this argument. *See Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007). In *Babasa*, the court held that the defendant could have ascertained upon receiving a letter from counsel prepared for mediation that the case was removable. The court noted that it had previously held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claims." *Id*. (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).

Although Chase argues that the settlement demand letter fails to provide sufficient factual support, Plaintiff's itemization of damages in the settlement demand letter substantially mirrors the itemization Plaintiff provides in response to Chase's interrogatories on which Chase now asserts provides notice that Plaintiff's claims exceed the jurisdictional amount. The Court

therefore rejects Chase's argument that the settlement demand letter provided insufficient factual support to put Chase on notice that this action was removable. Because Chase failed to remove this action within thirty days of receiving the settlement demand letter, Chase's removal was untimely. The Court therefore grants Plaintiff's motion to remand.

### C. Plaintiff's Request for Attorneys' Fees.

Pursuant to 28 U.S.C. Section 1447(c), Plaintiff requests an award of attorney's fees and costs incurred as a result of Chase's allegedly improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To determine whether to award costs and fees under Section 1447(c), this Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although it was not ultimately persuaded by Chase's arguments, the Court does not find that Chase's removal was frivolous or motivated by bad faith. The Court therefore declines to exercise its discretion to award Plaintiff's fees and costs under Section 1447(c).

### CONCLUSION

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of Contra Costa. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: May 5, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4